SUFFOLK, ss.

# Commonwealth of Massachusetts



SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION

No. __04-3970 H__

_____ BRANDON ASSOCIATES LLC _____ , Plaintiff(s)

v.

_____ FAILSAFE AIR SAFETY SYSTEMS CORP _____ , Defendant(s)

## SUMMONS AND ORDER OF NOTICE

To the above-named Defendant:    **FAILSAFE AIR SAFETY SYSTEMS CORP**

You are hereby summoned and required to serve upon __Stacy J. Silveira Esq.__

plaintiff's attorney, whose address is __160 Commonwealth Ave.    Boston, MA 02116__ ,

an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also required to file your answer to the complaint in the office of the Clerk of this court at Boston either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

WE ALSO NOTIFY YOU that application has been made in said action, as appears in the complaint, for a preliminary injunction and that a hearing upon such application will be held at the court house at said Boston of our said court on __Wednesday in room 16    9th Flr.__ the __twenty second__ day of __September__ A.D. 200 _4_ , at __11:00__ o'clock A.M., at which time you may appear and show cause why such application should not be granted.

Witness, Suzanne V. DelVecchio, Esquire, at Boston, the _____ **eighth** _____ day of _____ **September** _____ , in the year of our Lord two thousand __four__ .

Asst.    Clerk/Magistrate

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all defendants should appear in the caption. If a separate summons is used for each defendant, each should be addressed to the particular defendant.

FORM CIV. P. 2 5M 10/2000

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                          SUPERIOR COURT
                                      CIVIL ACTION NO.

```
_____
                          )
BRANDON ASSOCIATES, LLC    )
     Plaintiff             )
                          )
v.                        )
                          )
FAILSAFE AIR SAFETY SYSTEMS )
CORP.,                     )
     Defendant             )
                          )
_____)
```

VERIFIED COMPLAINT AND ACTION TO REACH AND APPLY


INTRODUCTION

1. In this action, Plaintiff seeks damages for Defendant's breach of contract and damages and injunctive relief for Defendant's fraudulent and defamatory statements about Plaintiff in its Investor Overview publication. Plaintiff also seeks to reach and apply Defendant's exclusive licensing rights to a patent and patent application.


PARTIES

2. Plaintiff Brandon Associates, LLC ("Brandon") is a Massachusetts limited liability company with its principal place of business at 160 Commonwealth Avenue, Boston, MA 02116.

3. Defendant FailSafe Air Safety Systems Corp. ("FailSafe"), upon information and belief, is a Delaware corporation with its principal place of business at 79 Filmore Avenue, Tonawanda, NY 14150-2335.


JURISDICTION

4. In addition to doing business in the Commonwealth of Massachusetts with the Plaintiff, the Defendant also employed a Massachusetts-based Marketing Director and a Massachusetts marketing firm at all times pertinent to this dispute.

STATEMENT OF FACTS

5. On May 1, 2003, Brandon and FailSafe entered into an Agreement for Professional Services, a copy of which is attached hereto as Exhibit A. Pursuant to the May 1, 2003 agreement, Brandon was to provide FailSafe with government lobbying services by facilitating contractual opportunities for FailSafe's technology with select state and federal agencies and by providing access to key federal agency officials and facilitating meetings.

6. On November 1, 2003, the parties entered into a new Agreement for Professional Services, a copy of which is attached hereto as Exhibit B. Pursuant to the November 1, 2003 agreement, Brandon was to provide government lobbying services by facilitating contractual opportunities for FailSafe's technology with select state and federal agencies and by providing access to key federal agency officials and facilitating meetings.

7. The May 1, 2003 agreement required FailSafe to pay Brandon a monthly retainer of $18,500 for six (6) months.

8. The November 1, 2003 agreement required FailSafe to pay Brandon a monthly retainer of $18,000.

9. The November 1, 2003 agreement also required FailSafe to make additional payments of $10,000 to reduce the then outstanding balance owed to Brandon.

10. Both the May 1, 2003 and November 1, 2003 agreements required FailSafe to reimburse Brandon for reasonable expenses incurred in providing its services under the contract with the proviso that that Brandon obtain FailSafe's pre-approval of any expenses exceeding two hundred fifty dollars ($250).

11. Brandon performed its express obligations under both agreements as outlined in the scope of services, including but not limited to: (a) introducing FailSafe and its products to high-level state and federal officials in the public safety and health and human services areas; (b) assisting FailSafe with its business strategy and sales efforts; and (c) helping FailSafe bid on and receive government contracts.

12. Despite repeated demands for payment, FailSafe has failed and refused to make payments as agreed under the November 1, 2003 contract. The current balance owed to Brandon is $147,940.66.

13. Brandon terminated the November 1, 2003 agreement on May 31, 2004.

14. The account history reflects payments by FailSafe to Brandon of $98,444.60 and a balance of $147,940.66, as evidenced by Exhibit C attached hereto.

2

15.  Among the various services Plaintiff provided to Defendant, Plaintiff gave a presentation to Defendant regarding opportunities to secure additional funds from venture capitalists and both parties orally agreed to pursue this strategy.

16. Plaintiff then arranged several meetings with diverse potential venture capital partners for Defendant.

17. Plaintiff, a lobbying firm, leveraged its professional reputation to secure meetings for Defendant.

18. In April 2004, Defendant prepared and published a booklet entitled "FailSafe Air Safety Systems Corporation Investor Overview" ("Investor Overview"), a copy of which is attached as Exhibit D.

19. Defendant provided the Investor Overview to the potential venture capital partners with whom Plaintiff had secured meetings. (Plaintiff does not know if Defendant distributed the Investor Overview to any other parties.)

20. In its Investor Overview, Defendant published the following materially false and defamatory statements: (a) in the section entitled "Initial Financing," Defendant fraudulently states that its activities have been financed by "working capital supplied by advisory groups" including "Brandon Associates"; and in the section entitled "Key Management," Defendant fraudulently identifies Donald B. Flanagan, President and CEO of Brandon Associates, LLC as part of Defendant's "Key Management" team.

21. Brandon has not provided nor contracted to provide any financing or "working capital" for FailSafe.

22. Plaintiff's President and CEO Donald B. Flanagan has never served nor contracted to serve in a managerial or advisory capacity to FailSafe, other than as delineated in the May 1, 2003 and November 1, 2003 Agreements for Professional Services.

COUNT I:

Breach of Contract

23. Brandon restates paragraphs 1-22 above and incorporates them herein as fully set forth.

24. Plaintiff and Defendant entered into the fully enforceable agreements for professional services attached hereto as Exhibits A and B.

25. Plaintiff has fully performed all conditions necessary to recover under both agreements.

3

26. Defendant has breached both the May 1, 2003 and November 1, 2003 contracts by failing and refusing to pay as agreed under either agreement.

27. As a result of the foregoing, Plaintiff has been damaged.

28. Wherefore, the Plaintiff, Brandon Associates, LLC demands payment of $147,940.60, plus interest, costs and reasonable attorneys' fees incurred in the collection of this sum.

## COUNT II:

### Reach and Apply

29. Plaintiff restates paragraphs 1-28 above and incorporates them herein as fully set forth.

30. Pursuant to G.L. c. 214, §3, Plaintiff seeks to reach and apply the Defendant's ownership and/or exclusive rights to U.S. Patent No. 6,162,118 and to U.S. Patent Application No. 10/434,041.

31. Upon information and belief, Defendant received exclusive rights to U.S. Patent No. 6,162,118 through a licensing agreement with Theodore A. M. Arts, a citizen of Canada residing at 312 Countryside Lane, Williamsville, New York 14221, a copy of which is attached hereto as Exhibit E.

32. Plaintiff will likely recover a judgment against Defendant of at least $147,940.60, plus interest, costs and attorney fees.

33. Wherefore, Brandon prays this Court afford the following relief: (1) a preliminary injunction restraining FailSafe from assigning, selling or otherwise transferring to any party any and all of Defendants ownership and/or licensing rights to U.S. Patent No. 6,162,118 and to U.S. Patent Application No. 10/434,041; (2) a permanent injunction requiring same; and (3) a judgment permitting Brandon to reach and apply sums payable to Defendant from the licensing agreements in the amount of $147,940.60 plus any such further sums as this Court deems just and equitable.

## COUNT III:

### Libel

34. Plaintiff restates paragraphs 1-33 above and incorporates them herein as fully set forth.

35. Plaintiff arranged several meetings with diverse potential venture capital partners for Defendant. Plaintiff, a lobbying firm, leveraged its professional reputation to secure meetings for Defendant.

36. In April 2004, Defendant prepared and published a booklet entitled "FailSafe Air Safety Systems Corporation Investor Overview" ("Investor Overview"), a copy of which is attached as Exhibit D.

37. Defendant provided the Investor Overview to the potential venture capital partners with whom Plaintiff had secured meetings.

38. In the Investor Overview, Defendant published materially false information that is defamatory to Plaintiff and Plaintiff's President and CEO Donald B. Flanagan.

39. In the Investor Overview's section entitled "Initial Financing," Defendant fraudulently states that its activities have been financed by "working capital supplied by advisory groups" including "Brandon Associates." In context, this statement suggests that Brandon Associates, LLC was providing free services to FailSafe based on the optimistic forecasts for selling FailSafe's technology.

40. In the Investor Overview's section entitled "Key Management," Defendant fraudulently identifies Donald B. Flanagan, President and CEO of Brandon Associates, LLC as part of Defendant's "Key Management" team.

41. Brandon has neither provided nor contracted to provide any financing or "working capital" for FailSafe.

42. Plaintiff's President and CEO Donald B. Flanagan has never served nor contracted to serve in a managerial or advisory capacity to FailSafe, other than as delineated in the May 1, 2003 and November 1, 2003 agreements for professional services.

43. Plaintiff is a lobbying firm that relies heavily on its reputation to secure government access and lobbying services for its clients.

44. Plaintiff leveraged its reputation to secure meetings for Defendant with the companies to whom Defendant provided the fraudulent and defamatory Investor Overview.

45. Plaintiff does not know if Defendant provided the Investor Overview to any other parties.

46. Defendant's express representations regarding Brandon in the Investor Overview are materially misleading and false, and impugn the Plaintiff's professional integrity and honesty in the business community.

47. The damage done to the Plaintiff's professional reputation by Defendant's materially false statements will likely result in loss of business by the Plaintiff.

5

48. Wherefore, the declaration set out a cause of action in tort for libel, Brandon respectfully requests that it be awarded damages for the harm to its reputation and that the defendant be enjoined from further fraudulently using Plaintiff's name and Plaintiff's President and CEO Donald B. Flanagan's name in any of its literature or publications.

COUNT IV:

Unfair and Deceptive Acts or Practices

49. Plaintiff restates and incorporates by reference its allegations in paragraphs 1-48 above.

50. Plaintiff Brandon is a "person" and engages in "trade or commerce" within the meaning of G.L. c. 93A, § 1.

51. Defendant FailSafe is a "person" and engages in "trade or commerce" within the meaning of G.L. c. 93A, § 1.

52. At all relevant times, the Defendant has been engaged in the conduct of trade and commerce in the Commonwealth of Massachusetts.

53. Defendant's Investor Overview, attached hereto as Exhibit D, which Defendant provided to the potential venture capital partners with whom Plaintiff had secured meetings, contained the following materially false information, including: (1) that Defendant's activities have been financed by "working capital supplied by advisory groups" including "Brandon Associates"; and (2) that Donald B. Flanagan, President and CEO of Brandon Associates, LLC is part of Defendant's "Key Management" personnel.

54. Neither Brandon nor its President and CEO are in any way supporting, financing or acting as "Key Management" for FailSafe.

55. By its conduct as set forth above, the Defendant has willfully and knowingly engaged in unfair methods of competition and unfair and deceptive acts and practices in violation of G.L. c. 93A.

56. As a result, Brandon has suffered harm and damages for which the Defendant is liable.

REQUESTS FOR RELIEF

WHEREFORE, Brandon requests that this Court:

1. Enter judgment for Brandon on all Counts of its Verified Complaint;

2. Award Brandon monies owed by Defendant for breach of contract,

including $147,940.60 plus interest, costs and reasonable attorneys' fees incurred in the collection of same;

3. Grant Brandon preliminary injunctive relief that:
   a. precludes FailSafe from assigning, selling or otherwise transferring to any party any and all ownership and/or licensing rights to U.S. Patent No. 6,162,118 and to U.S. Patent Application No. 10/434,041;
   b. permits Brandon to reach and apply sums payable to Defendant from the licensing agreement including the amount of $147,940.60 and any such further sums as this Court deems just and equitable;

4. Grant Brandon a permanent injunction that:
   c. precludes FailSafe from assigning, selling or otherwise transferring to any party any and all ownership and/or licensing rights to U.S. Patent No. 6,162,118 and to U.S. Patent Application No. 10/434,041;
   d. permits Brandon to reach and apply sums payable to Defendant arising from Defendant's ownership or licensing rights to U.S. Patent No. 6,162,118 and to U.S. Patent Application No. 10/434,041, including the amount of $147,940.60 and any such further sums as this Court deems just and equitable;

5. Grant Brandon a permanent injunction enjoining the Defendant from fraudulently using Plaintiff's name and Plaintiff's President and CEO Donald B. Flanagan's name in any of its literature or publications;

6. Award Brandon damages for the harm Defendant caused to Plaintiff's reputation;

7. Award Brandon multiple damages and attorney fees on account of the Defendant's willful violation of G.L. c. 93A;

8. Grant Brandon any such other relief as the Court deems just and equitable.

Brandon Associates, LLC
By its Attorney,

_Stacy J. Silveira_, Esq.

Stacy J. Silveira, Esq.
BBO No. 650675
General Counsel
Brandon Associates, LLC
160 Commonwealth Avenue
Boston, MA  02116
(617) 695-8949

Dated: September 8, 2004

7

VERIFICATION

I, Donald B. Flanagan, President and CEO of Brandon Associates, LLC, 160 Commonwealth Avenue, Boston, MA, 02116, do hereby depose and state that I have read the foregoing Verified Complaint and Action to Reach and Apply and that the allegations set forth therein are true and correct, except for the allegations made upon information and belief, which allegations I believe to be true.

Signed under the penalties of perjury.

Donald B. Flanagan
President and CEO
Brandon Associates, LLC
160 Commonwealth Avenue
Boston, MA  02116

Dated: September 8, 2004

CERTIFICATE OF SERVICE

I hereby certify that the above document is being served within the time required by Superior Court Standing Order No. 1-88 or by leave of the Regional Administrative Justice. I further certify that I served a true copy of this document upon the Defendant, Paul J. Chirayath, President, FailSafe Air Systems Co., 79 Fillmore Avenue, Tonawanda, NY  14150, mail on September 8, 2003.

Stacy J. Silveira, Esq.
General Counsel
Brandon Associates, LLC
160 Commonwealth Avenue
Boston, MA  02116

Dated: September 8, 2004

8

COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, ss.                              SUPERIOR COURT
                                          CIVIL ACTION NO.

```
_____
                                )
BRANDON ASSOCIATES, LLC,        )
     Plaintiff                  )
                                )
v.                              )
                                )
FAILSAFE AIR SAFETY SYSTEMS     )
Corp.,                          )
     Defendants                 )
                                )
_____)
```

PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Pursuant to Mass.R.Civ.P. 65(b), Plaintiff Brandon Associates, LLC ("Brandon") moves for a preliminary injunction against Defendant FailSafe Air Safety Systems Corp. ("Failsafe") to enjoin and restrain Failsafe and its agents, servants, employees and attorneys from: (a) assigning, selling or otherwise transferring to any party any and all ownership and/or licensing rights or agreements to U.S. Patent No. 6,162,118 and to U.S. Patent Application No. 10/434,041; and (b) fraudulently using Plaintiff's name and Plaintiff's President and CEO Donald B. Flanagan's name in any of its literature or publications.

In support thereof, Brandon states as follows:

1. Plaintiff Brandon Associates, LLC ("Brandon") is a Massachusetts limited liability company with its principal place of business at 160 Commonwealth Avenue, Boston, MA 02116.  Brandon is a full service government relations firm providing local, state and federal lobbying services and business-to-business development for its clients.

2. Defendant FailSafe Air Safety Systems Corp. ("FailSafe"), upon information and belief, is a Delaware corporation with its principal place of business at 79 Filmore Avenue, Tonawanda, NY 14150-2335.  Upon information and belief, Failsafe holds the exclusive worldwide rights to what it believes is a unique airborne hazard control process and products pprotected by patents and patent applications.

3. On May 1, 2003, Brandon and FailSafe entered into an Agreement for Professional Services, a copy of which is attached to the complaint as Exhibit A.

4. On November 1, 2003, the parties entered into a new Agreement for Professional Services, a copy of which is attached to the complaint as Exhibit B.

5. Pursuant to both agreements, Brandon was to provide government lobbying services by facilitating contractual opportunities for FailSafe's technology with select state and federal agencies and by providing access to key federal agency officials and facilitating meetings.

6. The May 1, 2003 agreement required FailSafe to pay Brandon a monthly retainer of $18,500 for six (6) months.

7. The November 1, 2003 agreement required FailSafe to pay Brandon a monthly retainer of $18,000. The November 1, 2003 agreement also required FailSafe to make additional payments of $10,000 to reduce the then outstanding balance owed to Brandon.

8. Both the May 1, 2003 and November 1, 2003 agreements required FailSafe to reimburse Brandon for reasonable expenses incurred in providing its services under the contract with the proviso that that Brandon obtain FailSafe's pre-approval of any expenses exceeding two hundred fifty dollars ($250).

9. Brandon performed its express obligations under both agreements as outlined in the scope of services, including but not limited to: (a) introducing FailSafe and its products to high-level state and federal officials in the public safety and health and human services areas; (b) assisting FailSafe with its business strategy and sales efforts; and (c) helping FailSafe bid on and receive government contracts.

10. Despite repeated demands for payment, FailSafe has failed and refused to make payments as agreed under the November 1, 2003 contract. The current balance owed to Brandon is $147,940.66.

11. Brandon terminated the November 1, 2003 agreement on May 31, 2004.

12. The account history reflects payments by FailSafe to Brandon of $98,444.60 and a balance of $147,940.66, as evidenced by Exhibit C attached the complaint.

13. Among the various services Plaintiff provided to Defendant, Plaintiff gave a presentation to Defendant regarding opportunities to secure additional funds from venture capitalists and both parties orally agreed to pursue this strategy. Plaintiff then arranged several meetings with diverse potential venture capital partners for Defendant.

2

14. Plaintiff, a lobbying firm, leveraged its professional reputation to secure these meetings for Defendant.

15. In April 2004, Defendant prepared and published a booklet entitled "FailSafe Air Safety Systems Corporation Investor Overview" ("Investor Overview"), a copy of which is attached to the complaint as Exhibit D. Defendant provided the Investor Overview to the potential venture capital partners with whom Plaintiff had secured meetings. (Plaintiff does not know if Defendant distributed the Investor Overview to any other parties.)

16. In its Investor Overview, Defendant published the following materially false and defamatory statements: (a) in the section entitled "Initial Financing," Defendant fraudulently states that its activities have been financed by "working capital supplied by advisory groups" including "Brandon Associates"; and in the section entitled "Key Management," Defendant fraudulently identifies Donald B. Flanagan, President and CEO of Brandon Associates, LLC as part of Defendant's "Key Management" team.

17. Brandon has not provided nor contracted to provide any financing or "working capital" for FailSafe.

18. Plaintiff's President and CEO Donald B. Flanagan has never served nor contracted to serve in a managerial or advisory capacity to FailSafe, other than as delineated in the May 1, 2003 and November 1, 2003 Agreements for Professional Services.

19. Brandon has demonstrated both a probability of success on the merits and irreparable harm if the injunction is not granted. In the absence of injunctive relief, Defendant is likely to assign, sell or otherwise transfer its rights to the aforementioned patent and patent application. Moreover, Defendant will harm Plaintiff's reputation further if Defendant continues to fraudulently state that Brandon provides free capital for Defendant's product and Brandon's President and CEO serves as "Key Management" for Failsafe.

20. Defendant will not suffer any irreparable harm if the injunction is allowed. Defendant will be allowed to continue with his business.

21. The public interest will be served by enforcement of the Agreements between the parties.

22. Accordingly, based on the Verified Complaint and Memorandum of Law, Plaintiff Brandon respectfully moves that the Court enter the requested preliminary injunction, attached hereto as Exhibit A.

3

BRANDON ASSOCIATES, LLC
By its Attorney,


*Stacy J. Silveira, Esq.*

Stacy J. Silveira, Esq.
BBO No. 650675
Brandon Associates, LLC
160 Commonwealth Avenue
Phone: (617) 695-8949


Dated: September 8, 2004




CERTIFICATE OF SERVICE

     I hereby certify that the above document is being served within the time required by Superior Court Standing Order No. 1-88 or by leave of the Regional Administrative Justice. I further certify that I served by certified mail a true copy of this document upon Paul Chirayath, President, FailSafe Air Safety Systems, 79 Fillmore Avenue, Tonawanda, NY 14150-2335.


*Stacy J. Silveira, Esq.*

Stacy J. Silveira, Esq.
Brandon Associates, LLC
160 Commonwealth Avenue
Phone: (617) 695-8949


Dated: September 8, 2004


4



## Exhibit "A"

## AGREEMENT FOR PROFESSIONAL SERVICES

This Agreement for Professional Services ("Agreement") is entered into as of the 1st Day of May 2003 (the "Effective Date") between Brandon Associates, LLC, a Massachusetts Limited Liability Company ("Brandon") and FailSafe Air Safety Systems Corp., 79 Fillmore Avenue, Tonawanda, NY 14150-2335 ("FailSafe") (together referred to as the "Parties").

### *Recitals*

Whereas, FailSafe desires to retain the services of Brandon for the purposes set forth in this Agreement, and

Whereas, Brandon desires to provide such services to FailSafe pursuant to the terms and conditions of this Agreement,

Now therefore, in consideration of the premises and of the mutual covenants herein contained, the parties agree as follows.

### *Scope of Services*

Brandon will work with FailSafe to facilitate contractual opportunities for FailSafe's technology with select state and federal agencies. Brandon will assist FailSafe's entry into markets it is seeking to penetrate by representing and promoting its interests in the area of homeland security and health and human services.

As of the Effective Date, Brandon team members shall include Donald B. Flanagan, President and CEO, Joe Penkala Esq., Federal Affairs Director and other Brandon staff members as required. Brandon reserves the right to alter the composition of the Brandon

team upon reasonable notice. Brandon team members will work to provide the following services:

    a.  a.   Provide strategic consulting to develop of a long-term strategy in support of FailSafe's objectives relative to the federal sector.

    b.  b.   Facilitate meetings with members of Congress who may be likely to assist FailSafe with selling to the federal government.

    c.  c.   Provide assess to key federal agency officials, in agencies such as the Department of Health and Human Services, Department of Transportation and various divisions of the Department of Homeland Security.

    d.  d.   Assist FailSafe in securing participation in a meeting with the Council on Private Sector Initiatives.

    e.  e.   Facilitate meetings public safety and health and human services officials at the state level. These states may include Alabama, Arkansas, Florida, Georgia, Louisiana, New Mexico, Massachusetts, Rhode Island, California, New Hampshire, Texas and Connecticut.

### *Project Term:*

This Agreement will commence upon the Effective Date and continue for a term of six (6) months. Upon the expiration of this Agreement, the parties will evaluate their business relationship and determine whether it is in their best interests to extend or amend the Agreement.

### *Professional Fee:*

Brandon will be compensated one hundred thousand one hundred dollars ($111,100.00) in six equal monthly installments of eighteen thousand five hundred dollars ($18,500.00). FailSafe shall receive one invoice for Brandon's professional fee commencing on or about thirty days after the Effective Date, and shall receive monthly invoices thereafter. Invoices are due and payable in full immediately upon receipt. Brandon reserves the right to charge one and one half percent (1 ½%) penalty retroactive to the invoice date for payment(s) received after fifteen (15) days from the invoice date. In addition to the installment payment, FailSafe shall reimburse Brandon for reasonable expenses, inclusive of travel and related expenses, incurred by Brandon to carry out the services described herein. Brandon will make every effort to minimize expenses incurred on behalf of FailSafe and will obtain pre-approval of any expenses in excess of two hundred fifty dollars ($250.00) incurred on behalf of FailSafe.

### General Terms:

1. 1.   This Agreement supercedes all prior verbal and written agreements, understandings and communications between the Parties and any amendment or modification of this Agreement shall be valid only if, and to the extent, initialed by both Parties, or as set forth in a new writing signed by both Parties.

2. 2.   FailSafe agrees to cooperate with Brandon in performance of services under this Agreement and further agrees to provide such information, date, guidance, and support reasonably necessary for Brandon to accomplish its purposes, as set forth herein.

3. 3.   Upon the request of Paul Chirayath, Brandon agrees to work in conjunction with Latham & Watkins in the furtherance of the terms of this Agreement, provided that no conflict of interest or other legitimate basis for refusal exists.

4. 4.   FailSafe acknowledges that it shall be responsible for complying with all applicable federal and state reporting requirements for employers of lobbying agents. Brandon agrees to assist FailSafe with such reporting requirements as requested. Brandon shall not be liable for any failure on the part of FailSafe to comply with such reporting requirements.

5. 5.   FailSafe agrees to comply with all federal laws and regulations regarding technology transfer and prohibitions on contracting with or engaging in financial transactions with individuals or foreign governments that are owned or controlled by individuals that support terrorism or are otherwise restricted by the federal government. FailSafe shall indemnify Brandon against any claims, losses, liability, or damages suffered or incurred by Brandon related to any violation by FailSafe of any laws or regulations relative to the interaction or connection of FailSafe to any individuals or foreign governments owned or controlled by individuals that support terrorism or are otherwise restricted by the federal government.

6. If any provision of this Agreement, or portion thereof, is determined to be invalid, unenforceable or void for any reason, such determination shall affect only that invalid, unenforceable or void portion of any provision, which shall be stricken from the Agreement, and shall not affect in any way the validity of Agreement or its remaining provisions.

7. 7. This Agreement shall terminate upon thirty (30) days advance written notice after either party provides a breaching party with written notice of a material breach of any provision of this Agreement including, without limitation, any delinquency in payment of any fees due hereunder, unless the breaching party has cured such breach during the thirty (30) day period.

8. This Agreement and any disputes arising out of or in relation to this Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts and resolved exclusively in the courts sitting in the Commonwealth of Massachusetts. The Parties agree the Commonwealth of Massachusetts is a reasonable and convenient forum for the resolution of disputes, and each consents to the exclusive personal jurisdiction of such courts, and service of process by certified mail or national overnight carrier.

*[handwritten margin note: Jurisdiction]*

9. FailSafe shall indemnify and hold harmless Brandon, its directors, officers, employees, and agents from and with respect to any losses, damages, claims or complaints (including without limitation reasonable attorney fees) arising from any act or omission of FailSafe in connection with any matter covered by this Agreement. Under no circumstances shall Brandon be liable to FailSafe or any other person or entity for special damages, incidental damages, consequential damages, indirect damages, loss of good will, loss of business profits, any and all commercial damages or loss, or exemplary or punitive damages. FailSafe's sole and exclusive remedy for any claim, damage or loss arising under this agreement, whether due to Brandon's negligence or other tort, and/or breach of duty shall be payment of liquidated damages equal to the services paid by FailSafe with respect to this Agreement.

*[handwritten margin note: hold harmless]*

10. With the exception in Paragraph 5 and as related to the representations made regarding FailSafe's technology, Brandon shall indemnify and hold FailSafe harmless and shall indemnify and hold FailSafe's directors, officers, employees, and agents harmless from and with respect to any losses, damages, claims, or complaints (including without limitation reasonable attorneys' fees) arising from any act or omission of Brandon in connection with any matter covered by this Agreement. Other than with the exceptions noted above, under no circumstances shall FailSafe be liable to Brandon or any other person or entity for special damages, incidental damages, consequential damages, indirect damages, loss of good will, loss of business profits, and any and all commercial damages or loss or exemplary or punitive damages. Brandon's sole and exclusive remedy for any claim, damage or loss arising under this Agreement, whether due to FailSafe's negligence or other tort and/or breach of duty shall be payment of liquidated damages equal to the services rendered by Brandon and the amount received by Brandon from FailSafe with respect to the Agreement herein.

11. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their permitted successors and assigns.

11. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their permitted successors and assigns.

12. The following sections of the General Terms of this Agreement shall survive expiration or termination of this Agreement. Sections Three, Six, Seven, Eight and Nine

In witness whereof, the parties have executed this Agreement as of the date first above written.

_Donald Flanagan, President & CEO_

_Brandon Associates, LLC_
Dated: __6-16-03__

_Paul Chirayath, President_

_FailSafe Air Safety Systems Corp._
Dated: __6/5/03__

Ex. B

Exhibit "B"

## AGREEMENT FOR PROFESSIONAL SERVICES

This Agreement for Professional Services ("Agreement") is entered into as of the 1st Day of November 2003 (the "Effective Date") between Brandon Associates, LLC, a Massachusetts Limited Liability Company ("Brandon") and FailSafe Air Safety Systems Corp., 79 Fillmore Avenue, Tonawanda, NY 14150-2335 ("FailSafe") (together referred to as the "Parties").

### *Recitals*

Whereas, FailSafe desires to retain the services of Brandon for the purposes set forth in this Agreement, and

Whereas, Brandon desires to provide such services to FailSafe pursuant to the terms and conditions of this Agreement,

Now therefore, in consideration of the premises and of the mutual covenants herein contained, the parties agree as follows:

### *Scope of Services*

Brandon will work with FailSafe to facilitate contractual opportunities for FailSafe's technology with select state and federal agencies. Brandon will assist FailSafe's entry into markets it is seeking to penetrate by representing and promoting its interests in the area of homeland security and health and human services.

As of the Effective Date, Brandon team members shall include Donald B. Flanagan, President and CEO, Joe Penkala Esq., Federal Affairs Director and other Brandon staff members as required. Brandon reserves the right to alter the composition of the Brandon team upon reasonable notice. Brandon team members will work to provide the following services:

a. Provide strategic consulting to develop of a long-term strategy in support of FailSafe's objectives relative to the federal sector.

b. Facilitate meetings with members of Congress who may be likely to assist FailSafe with selling to the federal government.

c. Provide assess to key federal agency officials, in agencies such as the Department of Health and Human Services, Department of Transportation and various divisions of the Department of Homeland Security.

1

d. Assist FailSafe in securing participation in a meeting with the Council on Private Sector Initiatives.

e. Facilitate meetings public safety and health and human services officials at the state level. These states may include Alabama, Arkansas, Florida, Georgia, Louisiana, New Mexico, Massachusetts, Rhode Island, California, New Hampshire, Texas and Connecticut.

### Project Term:

This Agreement will commence upon the Effective Date and continue on a monthly basis until terminated in writing by either party. This Agreement is contingent upon FailSafe's providing payment on a monthly basis of ten thousand dollars ($10,000.00) towards the outstanding balance owed to Brandon. Additionally, all outstanding debt to Brandon Associates, LLC shall become due and payable immediately upon FailSafe receiving aggregate funding and/or financing totaling one million dollars, despite termination of this Agreement.

### Professional Fee:

Brandon will be compensated a total of eighteen thousand dollars ($18,000) per month for its services for each month that Brandon performs services under this Agreement. FailSafe shall receive one invoice for Brandon's professional fee commencing on the Effective Date, and shall receive monthly invoices thereafter. Invoices are due and payable in full immediately upon receipt. Brandon reserves the right to charge one and one half percent (1 ½%) penalty retroactive to the invoice date for payment(s) received after fifteen (15) days from the invoice date. In addition to the installment payment, FailSafe shall reimburse Brandon for reasonable expenses, inclusive of travel and related expenses, incurred by Brandon to carry out the services described herein. Brandon will make every effort to minimize expenses incurred on behalf of FailSafe and will obtain pre-approval of any expenses in excess of two hundred fifty dollars ($250.00) incurred on behalf of FailSafe.

### General Terms:

1. FailSafe agrees to cooperate with Brandon in performance of services under this Agreement and further agrees to provide such information, date, guidance, and support reasonably necessary for Brandon to accomplish its purposes, as set forth herein.

2