UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRANDON ASSOCIATES, LLC,
*Plaintiff,*

v.

FAILSAFE AIR SAFETY SYSTEMS CORP.,
*Defendant.*

Civil Action No. 04-12013 NMG

## MOTION TO STRIKE AND FOR SANCTIONS

The Defendant, *Failsafe Air Safety Systems Corp.* ("Failsafe" or Defendant) respectfully asks this Court to strike all motions made by the Plaintiff, *Brandon Associates, LLC* ("Brandon Associates" or Plaintiff) as identified below, and to impose sanctions on the grounds that the Plaintiff's misconduct in prosecuting this action has not only resulted in violations of the Federal Rules of Civil Procedure, but has also, in fact, unjustly prejudiced Failsafe's ability to defend itself. For these reasons, more fully elaborated below, Failsafe asks this Court to grant this motion.

The Plaintiff filed its original complaint in the Superior Court of the Commonwealth of Massachusetts, and served it upon Failsafe on or about September 10, 2004. *See Verified Complaint And Action To Reach And Apply*, dated September 8, 2004 ("Complaint"). Plaintiff's state action was subsequently removed to this Court (on grounds of diversity) by Failsafe. As of this date, the Plaintiff has yet to file its proof of service in compliance with Fed.R.Civ.P. 4 (and Local Rule 4.1). Failsafe filed and served its Answer to the Complaint (and Counterclaim) in a timely fashion on September 30, 2004.

According to the Court, Plaintiff filed a motion to amend its Complaint on or about September 24, 2004.[1]  *See Motion To Amend The Verified Complaint And Action To Reach And Apply*, dated September 23, 2004, filed September 24, 2004 ("Motion to Amend").[2]  At the same time, Plaintiff also filed an *Amended Verified Complaint And Action To Reach And Apply*, dated September 23, 2004, filed September 24, 2004 ("Amended Complaint").  Contrary to its obligations under Rule 5 and Local Rule 5.2 – the Plaintiff *never* served Failsafe with either its Motion to Amend or its Amended Complaint.  Plaintiff's failure is compounded by the fact that attached to both of these pleadings was a *Certificate of Service*, signed by Plaintiff's attorney, wherein the Plaintiff represented that it had served a copy of these pleadings on Failsafe (through counsel) by "United States Mail or hand delivery" on September 23, 2004.  Thus, when Plaintiff filed these pleading with this Court the next day, it did so with false representations of service.

The Amended Complaint seeks to add four new defendants (and several new causes of action).  Included on Plaintiff's service list are the other four proposed defendants, one of them being Failsafe's corporate counsel, Alan Feuerstein, Esq. of Buffalo, New York.[3]  Attorney Feuerstein did receive Plaintiff's Motion and Amended Complaint through U.S. mail – along with a Summons, but it was not a Summons for him; instead it is made out to one of the other proposed defendants.  Thus, Plaintiff failed

---

[1] Confirmation that these pleadings were, in fact, filed was received by Failsafe only last Friday, October 1st via the Court's electronic/e-mail notice to Failsafe's counsel.

[2] It should be noted that Plaintiff filed its motion to amend the Complaint prior to being served with Failsafe's Answer.  As Plaintiff chose this route rather then simply filing an amended complaint as a matter of right pursuant to Rule 15 ("A party may amend the party's pleading once as a matter of course…before a responsive pleading is served…"), Failsafe is compelled to treat it as such.

[3] Attorney Feuerstein is being represented by Failsafe's counsel here.

to properly effect service of process on at least one of the proposed defendants (and no request was made to waive service).

Furthermore, included with Plaintiff's Motion to Amend and its Amended Complaint, was a *Motion For Pro Hac Vice Appearance*, dated September 22, 2004, filed September 24, 2004 ("Motion for Pro Hac Vice"). Again, this motion contains the certification that it was served via U.S. mail or hand delivery on September 23, 2004 (again, the day before it was filed). While Failsafe did, in fact, receive Plaintiff's Motion for Pro Hac Vice, as the date stamped on the envelope it came in indicates, the motion was not mailed on September 23rd, as Plaintiff represented, but instead it was mailed on September 27th. *See* Copy of Envelope, attached hereto as *Exhibit "A"*.

Finally, various exhibits are referenced in the Amended Complaint (in the order they are referenced these are Exhibits A, B, C, G, H, D). None of these exhibits, however, were attached to the Amended Complaint served upon Attorney Feuerstein.

In all, Plaintiff failed to serve Failsafe with two of its three recent filings and made false representations to the Court with respect to all three of these filings; and when it did serve these pleadings on other defendants, it did so improperly and incompletely. For these reasons, Failsafe asks that this Court strike these pleadings. *See, e.g., O'Halloren v. Quarzite Carrara*, 129 F.R.D. 24, 25 (D. Mass. 1990) (where the Court dismissed a motion to amend a complaint "for failure to serve a copy of the motion upon the defendant").

In addition, it should be noted that Failsafe – along with Attorney Feuerstein, eICON Medical Consulting and Debra Espe, three of the four proposed defendants – intends to pursue a Rule 11 violation with respect to Plaintiff's Motion to Amend and its

Amended Complaint on the grounds that the new complaint is nothing more than a transparent effort to annoy and harass, fails to meet the pleading requirements of Rule 9(b) (given that Plaintiff also seeks to add a claim of Fraud), and seeks to add a new defendant for the sole purpose of defeating diversity and allowing the action to be remanded to the State court. The bases for the above claims are as follows:

While Plaintiff seeks to add four new defendants, there is not a single material allegation made against them added to the complaint. The only allegations that Plaintiff seems to assert against these proposed defendants are that (1) Failsafe allegedly stated that Debra Espe (Ms. Espe is the former wife of Failsafe's CEO) owned 100% of Failsafe, when she actually allegedly owned only 81%;[4] (2) that Failsafe also represented that Attorney Feuerstein, eICON Medical Consulting, and the fourth proposed defendant, Blue Sage, each owned 5% of Failsafe; and (3) that Failsafe allegedly represented that Ms. Espe, Attorney Feuerstein and the President of eICON Medical Consulting were all members of Failsafe's Board of Directors. Thus, the only "fact" alleged by the Plaintiff is that these proposed defendants are shareholders and some were also members of Failsafe's Board of Directors.

Plaintiff does not even attempt to connect these proposed defendants to *any* of the misconduct in which it claims Failsafe engaged. There are simply no allegations, no claims, no facts, no evidentiary support of any kind asserted which would even remotely support their inclusion as defendants in the Amended Complaint.

Moreover, as the single allegation asserted against proposed defendant, Blue Sage, is that Failsafe represented that it owns a 5% interest in it – and given that Blue

---

[4] The document which purports to state this "fact" is one of the missing exhibits.

Sage is a Massachusetts corporation (*see* Amended Complaint, ¶3) – it must be concluded that the only reason this entity is included here is to introduce a Massachusetts defendant which would defeat diversity which allowed this action to be removed to this Court.

Finally, along with several new causes of action, Plaintiff seeks to add in its Amended Complaint a claim of Fraud. However, the Plaintiff seems to ignore the fact that with a claim of Fraud comes the heighten pleading requirement of Rule 9(b) which compels the Plaintiff to assert its allegations with particularity. Contrary to this requirement, Plaintiff fails to plead any facts with the requisite particularity that allege that Failsafe's representations about the proposed Defendants were materially false, fails to assert any facts with particularity which allege how the Plaintiff relied on such representations, and fails to assert any facts with particularity which allege how Plaintiff was damaged. It is clear that the Plaintiff can offer no credible support for any allegations against these proposed new defendants.[5]

In sum, Plaintiff has woefully failed to properly prosecute this action. Even inexperience should not absolve an attorney from carrying out her obligations – and it should not absolve an attorney from sanctions – when such an attorney has blatantly failed to follow even the most basic rules of civil procedure (by failing to serve pleadings on opposing counsel and making false representations about such service) and failed to

---

[5] While the focus here is on the Plaintiff's disingenuous attempt to add new Defendants, it goes without saying that Failsafe reserves its right to challenge the Plaintiff on its failure to plead with particularity *any* allegations of Fraud, let alone the Plaintiff's general failure to state any claims upon which relief can be granted.

follow the most basic rules of pleading (by failing to include *any* allegations at all about *any* misconduct by the individual shareholders of Failsafe).

In so doing, Plaintiff has violated the rules of civil procedure and prejudiced Failsafe and the other proposed defendants. For these reasons, Plaintiff's Motion to Amend, its Amended Complaint should be stricken and sanctions be imposed for attorneys' fees, and otherwise as the Court deems just and proper.

> DEFENDANT,
> *Failsafe Air Safety Systems Corp.*
> By its attorney,
>
> /s/ Laurie M. Ruskin
> Laurie M. Ruskin, *Of Counsel*, BBO# 630374
> SWEDER & ROSS LLP
> 21 Custom House Street, Suite 300
> Boston, MA 02110
> (617) 646-4466

Dated: October 4, 2004

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each of the other parties in this action by hand or U.S. mail, this 4th day of October, 2004.

/s/ Laurie M. Ruskin
Laurie M. Ruskin