# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

BRANDON ASSOCIATES, LLC,
                *Plaintiff,*

v.

FAILSAFE AIR SAFETY SYSTEMS CORP.,
                *Defendant*.

Civil Action No. 04-12013 NMG

## DEFENDANT'S RESPONSE TO
## MOTION TO REDACT THE AMENDED COMPLAINT

The Plaintiff, *Brandon Associates, LLC* ("Brandon Associates" or Plaintiff) has

now moved this Court to redact "certain portions of the Exhibits" that it had attached to

its proposed amended complaint against Defendant, *Failsafe Air Safety Systems Corp.*

("Failsafe" or Defendant).  *See Motion To Redact The Amended Verified Complaint*,

dated and filed October 4, 2004 ("Motion to Redact").[1]  The Plaintiff seeks these

redactions in a misguided effort to cure the damage it caused when it attached certain

confidential documents to its various public filings – i.e., to its proposed amended

complaint, as well as to its original Complaint (in fact, one of the counterclaims made by

Failsafe seeks relief for Plaintiff's breach of these confidentiality provisions).  Plaintiff's

effort to now redact specific passages from these confidential documents is simply too

little, too late.  Redacting only selected portions of the confidential documents does not

cure the problem, and attempting to do so is both nonsensical and wholly insufficient.

---

[1] Plaintiff has moved this Court to allow it to amend its Complaint.  Defendant has moved that the
motion be denied and the proposed amended complaint be stricken.

## I.     Background Facts

The offending documents are as follows:  First, as part of its pleadings, Plaintiff attached a document entitled, *Failsafe Air Safety Systems Corporation Investor Overview*, dated March 2004 ("Investor Overview") (attached as Exhibit D to Plaintiff's Complaint and proposed amended complaint).  On the cover of this document, and on every page thereafter, are the following words:  "*This document is proprietary and confidential*."  On the first page of the document, the following is also stated:

> The sole purpose of this *Confidential* Investor Overview is to assist recipients in deciding whether they wish to proceed with a further investigation of a possible transaction….*This Investor Overview is being made available only to parties who have signed and returned a confidentiality agreement* and recipients are therefore *bound by the confidentiality agreement* in respect of *all information contained herein*. By accepting this Investor Overview, the recipient agrees that *all the information contained herein* or made available in connection with any further investigation of the Company *is confidential* and shall be treated in a *confidential manner*, in accordance with the terms of the confidentiality agreement.  If you have not signed a confidentiality agreement, you must return this Investor Overview to FailSafe immediately…<u>The Investor Overview may not be photocopied, reproduced or distributed to others at any time without the prior written consent of FailSafe</u>….

Investor Overview, page i (emphasis in italics added, emphasis in underline in original).

Moreover, the Plaintiff cites information contained in the Investor Overview throughout both of its complaints.  *See, e.g., Amended Verified Complaint And Action To Reach And Apply*, dated September 23, 2004 ("proposed amended complaint"), ¶¶39, 41, 43, 54, 61, 66, 70, 77, 90.

Second, Plaintiff also attached to its pleadings a license agreement that it had obtained between Failsafe and Theodore A.M. Arts, entitled, *Amended And Restated International License Agreement* ("License Agreement") (attached as Exhibit F to Plaintiff's Complaint and proposed amended complaint).  The agreement contains a

confidentiality provision which states that (with certain specified exceptions), "[t]he provisions of this Agreement will be held in confidence …"  License Agreement, ¶12.18.

## II.    Redaction Is Insufficient.

The sensitivity surrounding the confidential and proprietary nature of the Investor Overview and the License Agreement could not have been made clearer.  However, Plaintiff chose to ignore these express statements of confidentiality when it attached them (and referenced information from them) to its Complaint and then again in its proposed amended complaint.

Plaintiff's effort to now redact selected portions of these documents as a way to remedy this situation is superfluous for two reasons:  First, Plaintiff has taken the liberty of redacting what it has unilaterally determined to be the confidential portions of each document.  In doing so, however, Plaintiff has ignored the fact that it is the *entire* document which is confidential, and not merely the passages that it has redacted.  Any serious effort to, even belatedly, cure this breach of confidentiality should involve asking this Court to impound or seal these pleadings and attachments, not merely redact passages from them.

Second, by moving to redact portions of these attachments with respect only to its proposed amended complaint, as it does in its Motion to Redact, Plaintiff ignores the fact that these same confidential documents were also attached to the original Complaint, which remains public, as does the initial filing of the proposed amended complaint.[2]  In

_____

[2] And, given the fact that Failsafe has already received promotional materials from a litigation support company in reference to the filing of the Complaint in this Court, it is clear that the "pubic" has already exercised its right to access these documents.

3

fact, the filing of this Motion to Redact has only compounded the problem.  Now, these very same confidential documents have been attached to still another pubic filing.

For these reasons, Failsafe asks this Court to deny Plaintiff's Motion to Redact, and reiterates its request that the Plaintiff's proposed amended complaint be stricken and sanctions be imposed for the additional damage that the Plaintiff has brought by its continuing misconduct.

DEFENDANT,
*Failsafe Air Safety Systems Corp.*
By its attorney,


s/Kenneth A. Sweder
_____
Kenneth A. Sweder, BBO# 489840
Laurie M. Ruskin, *Of Counsel*, BBO# 630374
SWEDER & ROSS LLP
21 Custom House Street, Suite 300
Boston, MA 02110
(617) 646-4466

Dated:  October 12, 2004


CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served
upon the attorney of record for each of the other parties in this action
by hand or U.S. mail, this 12th day of October, 2004.

s/Kenneth A. Sweder
_____
Kenneth A. Sweder