UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRANDON ASSOCIATES, LLC,
    *Plaintiff,*

v.

FAILSAFE AIR SAFETY SYSTEMS CORP.,
    *Defendant*.

Civil Action No. 04-12013 NMG

**REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO STRIKE AND FOR SANCTIONS**

    The Defendant, *Failsafe Air Safety Systems Corp.* ("Failsafe") has already asked this Court to strike the Plaintiff's motion to amend its complaint and the accompanying proposed amended complaint on the grounds that the Plaintiff failed to comply with the Federal Rules for Civil Procedure (for, *inter alia*, failing to effectuate proper service), and, accordingly, to order sanctions.[1]  As demonstrated in its opposition to this motion,[2] as well as other recent actions, Plaintiff continues to prosecute this action in a chaotic fashion which prejudices Failsafe in its efforts to defend itself.  Failsafe once again must ask this Court to intervene, and once again to sanction the Plaintiff for forcing Failsafe to waste its time and money in order to further protect its interests.

---

[1] *See* the Plaintiff's *Motion To Amend The Verified Complaint And Action To Reach And Apply*, dated September 23, 2004, filed September 24, 2004 ("Motion to Amend"), and Failsafe's *Motion To Strike And For Sanctions*, dated October 4, 2004, filed October 5, 2004 ("Motion to Strike").

[2] *See* Plaintiff's *Response To Defendant's Motion To Strike And For Sanctions*, dated October 18, 2004 ("Plaintiff's Response").

I.  **Plaintiff Should Not Be Permitted To Now Re-Characterize Its Motion To Amend, After The Filing Of Failsafe's Responsive Pleading, As An Amendment As A Matter Of Course.**

Failsafe filed its Motion to Strike (rather then filing an answer or other responsive pleading because it – and three of the four proposed new defendants – had not been properly served) when it heard that the Plaintiff had filed its Motion to Amend.[3]  Now the Plaintiff contends that its Motion to Amend was not really a motion at all.  Instead, Plaintiff says it amended its complaint as "a matter of course," and that Failsafe should have known this because, in its motion, it "clearly and succinctly" referenced Fed.R.Civ.P. 15(a).  *See* Plaintiff's Response at 3.  To underscore this new version of events, the Plaintiff this week served Failsafe's counsel with a summons and the amended complaint (with no motion) for three of the four new defendants.

Plaintiff's attempt at revisionism, however, must fail.  The fact remains that Plaintiff filed a motion to amend – it chose to seek leave of the Court to amend its complaint – and Failsafe treated it as such.  It must now live with this choice.  The fact that Plaintiff cited Fed.R.Civ.P. 15(a) in its motion certainly did not make its intention any more clear and succinct given the fact that Rule 15(a) speaks of amending a complaint *both* as a matter of course *and* with leave of the court.

Moreover, in the interim between the filing of Plaintiff's Motion to Amend and Plaintiff's Response, Failsafe filed its answer and counterclaim to the original complaint

---

[3] Subsequent to filing its Motion to Strike, Failsafe received the Motion to Amend.  Plaintiff claims that the delay in service was (a) because its counsel was "unable" to get the documents to the Suffolk County Sheriff's office on the date stated on the certificate of service, and (b) because the Sheriff's office took nine days thereafter to serve the motion to a Boston location.  *See* Plaintiff's Response at 4-5.  Plaintiff does not explain why it found it necessary to serve the motion through the Sheriff's Office rather then by U.S. Mail or by other means.

on September 30, 2004. *See Verified Answer*, dated and filed September 30, 2004.[4]
Thus, whatever right to amend Plaintiff may have had *prior* to the filing of Failsafe's responsive pleading, it no longer is entitled to exercise such a right now after the fact.

Accordingly, Failsafe asks this Court to rule on Plaintiff's Motion to Amend (and to deny same for the reasons discussed in the Motion to Strike) because (1) it was plainly filed as such, and (2) because now that a responsive pleading has been filed, the issue is moot – *i.e.*, it is simply too late for Plaintiff to amend its complaint as a matter of course.

## II.     Other Extraneous Assertions Made In Plaintiff's Response.

Plaintiff's Response is replete with a host of other erroneous assertions that need to be briefly addressed:

- Plaintiff claims that Failsafe's Motion to Strike was made pursuant to Fed.R.Civ.P. 11 (and argues that, as such, it was not in compliance with Rule 11's notice requirement). *See* Plaintiff's Response at 1-2. Plaintiff is incorrect. Failsafe's Motion to Strike was *not* made pursuant to Rule 11, and its request for sanctions was not predicated on Rule 11.[5]

- Plaintiff seems to suggest that Failsafe challenged the service of the original complaint. *See* Plaintiff's Response at 2-3. No such challenge was made (Failsafe challenged the service of only Plaintiff's Motion to Amend and its accompanying proposed amended complaint).

---

[4] As Plaintiff never answered the counterclaim, Failsafe has now requested that the Court enter a default judgment.

[5] The only reference made to Rule 11 in Failsafe's motion was the statement that Failsafe, along with three of the four proposed defendants, "*intends*" to pursue a Rule 11 violation – and, in fact, this process was commenced immediately when Failsafe sent a letter to Plaintiff in that regard (a Rule 11 motion has not yet been filed).

- Plaintiff claims it properly served its amended complaint upon each Defendant and proposed defendant. *See* Plaintiff's Response at 4. At the time when that assertion was made, such was not the case. Failsafe only received a copy of the Motion to Amend and the proposed amended complaint *after* it filed its Motion to Strike, and three of the other four proposed defendants were served with the proposed amended complaint (without the Motion to Amend) *after* Plaintiff's Response on or about October 22, 2004 (service was made upon Failsafe's counsel who, while representing these three parties, was never asked whether such service would be accepted).

- Plaintiff seems to suggest that it be excused from its various failures to comply with the Rules of Civil Procedure because of errors made by the Sheriff's Office and/or because Plaintiff's counsel is busy with other non-legal work and has no administrative help. *See* Plaintiff's Response at 4-5. Compliance with the Rules of Civil Procedure is required of all counsel of record to allow for the fair and efficient litigation of disputes. Given the time, expense and inconvenience (let alone confusion) that Plaintiff's failures have caused Failsafe, such excuses should not be tolerated.[6]

- Plaintiff inexplicably spends nearly two-thirds of its Response setting forth a plethora of allegations to support its claims contained in the proposed amended complaint concerning the four proposed new defendants. *See* Plaintiff's Response at 6-15. Remarkably, these allegations are either unsupported and/or conclusory – and, in any event, do not appear anywhere in the proposed amended complaint. They also appear

---

[6] The Court should also note that the Plaintiff continues to disregard the Rules in prosecuting this action, *e.g.*, it now uses a new caption which includes all of the proposed new defendants even though the Court has yet to rule on its Motion to Amend, it failed to answer Failsafe's counterclaim, it has failed thus far to include a disclosure statement pursuant to Rule 7.1 in any of its filings, it continues to fail to effectuate proper service on at least three of four proposed new defendants, etc.

inappropriately in this Response. As such, Failsafe will not comment on them here, save to say that, even viewing all of these unsupported and conclusory allegations in a light most favorable to the Plaintiff (and keeping in mind the heighten pleading requirements of Rule 9(b)), they still do not give rise to any cause of action against the individual members of Failsafe's Board of Directors (which constitute the proposed new defendants).

### III.    Conclusion.

For all these reasons, Failsafe reiterates its request that Plaintiff's Motion to Amend and its proposed amended complaint be stricken and sanctions be imposed for attorneys' fees, and otherwise as the Court deems just and proper.

DEFENDANT,
*Failsafe Air Safety Systems Corp*.
By its attorney,

s/Laurie M. Ruskin
_____
Laurie M. Ruskin, *Of Counsel*, BBO# 630374
SWEDER & ROSS LLP
21 Custom House Street, Suite 300
Boston, MA 02110
(617) 646-4466

Dated: October 29, 2004

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served
upon the attorney of record for each of the other parties in this action
by hand or U.S. mail, this 29th day of October, 2004
.
s/Laurie M. Ruskin
_____
Laurie M. Ruskin