UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2004 OCT 29 P 4: 33

U.S. DISTRICT COURT
DISTRICT OF MASS.

BRANDON ASSOCIATES, LLC
Plaintiff/Counterclaim-Defendant

v.

FAILSAFE AIR SAFETY SYSTEMS
CORP., BLUE SAGE CONSULTING,
INC., ELCON MEDICAL,
DEBRA ESPE, ALAN FEUERSTEIN
Defendant/Counterclaim-Plaintiff

CIVIL ACTION

NO. 04 12013NMG

## REPLY TO COUNTERCLAIM

FailSafe has failed to Answer the Amended Verified Complaint and Action to Reach and Apply ("Amended Complaint"), which the Plaintiff/Counterclaim-Defendant, Brandon Associates, LLC ("Brandon") filed in this Court on September 24, 2004. On September 30, 2004, Defendant/Counterclaim-Plaintiff FailSafe Air Safety Systems, Inc. ("FailSafe") filed an Answer and Counterclaim to the original Verified Complaint and Action to Reach and Apply ("Original Complaint") filed on September 8, 2004 in the Massachusetts Superior Court. Out of an abundance of caution, and even though FailSafe has yet to respond to the Amended Complaint, Brandon hereby Replies the Counterclaim to the Original Complaint as follows:

1-66. Because FailSafe has yet to respond to or file an Answer to the Amended Complaint, no response is required for

the allegations contained in paragraphs one through sixty-six (1-66).

67. Brandon denies the allegations in paragraph sixty-seven (67), avers that Brandon has not: breached any contracts entered into with FailSafe; intentionally interfered with FailSafe's business relationships; breached its duty of good faith to FailSafe; was unjustly enriched; or committed any fraud.

68. Brandon admits the allegations contained in paragraph sixty-eight (68) of the Counterclaim.

69. Brandon admits the allegations contained in paragraph sixty-nine (69) of the Counterclaim.

70. Brandon admits the allegations contained in paragraph seventy (70) of the Counterclaim.

71. Brandon lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph seventy-one (71) of the Counterclaim.

72. Brandon lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph seventy-two (72) of the Counterclaim.

73. Brandon admits the allegations contained in paragraph seventy-three (73) of the Counterclaim.

74. Brandon admits the allegations contained in paragraph

seventy-four (74) of the Counterclaim, except denies that portion of the allegation that alleges cultivation of key government contacts could be accomplished "easily."

75. Brandon admits the allegations contained in paragraph seventy-five (75) of the Counterclaim.

76. Brandon denies the allegations contained in paragraph seventy-six (76), and respectfully refers this Court to the precise language set forth in the May 1, 2003 and November 1, 2003 Agreements ("the Agreements") for Professional Services entered into by the Parties and attached to the Amended Complaint as Exhibits A and B. The exact language of the Agreements is as follows:

> Brandon team members will work to provide the following services:
> a. Provide strategic consulting to develop a long-term strategy in support of FailSafe's objectives relative to the federal sector.
> b. Facilitate meetings with members of Congress who may be likely to assist FailSafe with selling to the federal government.
> c. Provide assess [sic] to key federal agency officials, in agencies such as the Department of Health and Human Services, Department of Transportation and various divisions of the Department of Homeland Security.
> d. Assist FailSafe in securing participation in a meeting with the Council on Private Sector Initiatives.
> e. Facilitate meetings [with] public safety and health and human services officials at the state level. These states may include Alabama, Arkansas, Florida, Georgia, Louisiana, New Mexico, Massachusetts, Rhode Island, California, New Hampshire, Texas and Connecticut.

77. Brandon denies the allegations contained in paragraph

3

seventy-seven (77) of the Counterclaim. Plaintiff avers that the representations stated in the Agreements of May 1, 2003 and November 1, 2003, as explicitly stated in paragraph seventy-six (76) above by the Plaintiff/Counterclaim-Defendant and as stated in Exhibits A and B of the Amended Complaint, were made by Brandon.

78. Brandon denies the allegations contained in paragraph seventy-eight (78) of the Counterclaim, and further avers that Paul Chirayath, President of FailSafe, made the strategic decision for Brandon not to pursue meetings with the Counsel on Private Sector Iniatives and that Brandon acted upon Mr. Chirayath's directions with regard to this item.

79. Brandon lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph seventy-nine (79) of the Counterclaim.

80. Brandon denies the allegations contained in paragraph eighty (80) of the Counterclaim.

81. Brandon denies the allegations contained in paragraph eighty-one (81) of the Counterclaim.

82. Brandon lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph eighty-two (82) regarding "the individual who attended the meeting" and denies the

remaining allegations contained in paragraph eight-two (82) of the Counterclaim.

83. Brandon denies the allegations contained in paragraph eight-three (83) of the Counterclaim.

84. Brandon denies the allegations contained in paragraph eight-four (84) of the Counterclaim.

85. Brandon denies the allegations contained in paragraph eight-five (85) of the Counterclaim and avers that, as delineated in the Agreements of May 1, 2003 and November 1, 2003 attached to the Amended Complaint as Exhibits A and B, Brandon represented that it would work to "[p]rovide access to key federal agency officials, in agencies such as the Department of Health and Human Services, Department of Transportation and various divisions of the Department of Homeland Security."

86. Brandon denies the allegations contained in paragraph eight-six (86) of the Counterclaim.

87. Brandon denies the allegations contained in paragraph eighty-seven (87) of the Counterclaim to the extent that the allegations suggest wrongdoing or breach on Brandon's part but admits the allegations contained in paragraph eighty-seven (87) that Brandon "never secured any participation or assisted in participation and meeting with the Counsel on Private Section [sic] Initiatives." Brandon avers that Mr. Chirayath, President of FailSafe, made a strategic decision

not to pursue meetings with the Counsel of Private Sector Initiatives, informed Brandon of his decision, that Brandon followed Mr. Chirayath's directions with regard to not pursuing meetings with this organization.

88. Brandon denies the allegations contained in paragraph eight-eight (88) of the Counterclaim, except admits that FailSafe made sporadic payments of varying amounts to Brandon in the amount of 98,444.60, as delineated in Exhibit C of the Amended Complaint, and avers that FailSafe has failed to pay Brandon $147,940.66 due for services rendered.

89. Brandon denies the allegations contained in paragraph eight-nine (89) of the Counterclaim, and respectfully refers the Court to the actual language of the "Project Term" paragraph of the November 1, 2003 Agreement for Professional Services, as delineated in Exhibit B of the Amended Complaint:

> Additionally, all outstanding debt to Brandon Associates, LLC shall become due and payable immediately upon FailSafe receiving aggregate funding and/or financing totaling one million dollars, despite termination of this Agreement.

90. Brandon denies the allegations contained in paragraph ninety (90) of the Counterclaim.

91. Brandon denies the allegations contained in paragraph ninety-one (91) of the Counterclaim.

92. Brandon denies the allegations contained in paragraph ninety-two (92) of the Counterclaim.

93. Brandon denies the allegations contained in paragraph ninety-three (93) of the Counterclaim.

94. Brandon denies the allegations contained in paragraph ninety-four (94) of the Counterclaim.

95. Brandon denies the allegations contained in paragraph ninety-five (95) of the Counterclaim.

96. Brandon denies the allegations contained in paragraph ninety-six (96) of the Counterclaim.

97. Brandon denies the allegations contained in paragraph ninety-seven (97) of the Counterclaim.

98. Brandon denies the allegations contained in paragraph ninety-eight (98) of the Counterclaim.

99. Brandon denies the allegations contained in paragraph ninety-nine (99) of the Counterclaim.

100. Brandon denies the allegations contained in paragraph one hundred (100) of the Counterclaim and further avers that Brandon did not execute any confidentiality agreements with FailSafe and that neither of the Agreements of May 1, 2003 or November 1, 2003, attached to the Amended Complaint as Exhibits A and B, have provisions regarding confidentiality.

101. Brandon denies the allegations contained in paragraph one hundred and one (101) of the Counterclaim.

102. Brandon denies the allegations contained in paragraph one hundred and two (102) of the Counterclaim and avers that the Agreements of May 1, 2003 and November 1, 2003 did not contain confidentiality agreements and that Brandon never entered into any confidentiality agreement with FailSafe.

103. Brandon denies the allegations contained in paragraph one hundred and three (103) of the Counterclaim.

104. Brandon denies the allegations contained in paragraph one hundred and four (104) of the Counterclaim.

105. Brandon lacks knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and five (105).

106. Brandon lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegations contained in paragraph one hundred and six (106) of the Counterclaim.

107. Brandon denies the allegations contained in paragraph one hundred and seven (107) of the Counterclaim.

108. Brandon denies the allegations contained in paragraph one hundred and eight (108) of the Counterclaim.

109. Brandon denies the allegations contained in paragraph one hundred and nine (109) of the Counterclaim.

110. Brandon denies the allegations contained in paragraph

one hundred and ten (110) of the Counterclaim.

111. Brandon denies the allegations contained in paragraph one hundred and eleven (111) of the Counterclaim.

112. Brandon denies the allegations contained in paragraph one hundred and twelve (112) of the Counterclaim.

113. Brandon denies the allegations contained in paragraph one hundred and thirteen (113) of the Counterclaim.

114. Brandon denies the allegations contained in paragraph one hundred and fourteen (114) of the Counterclaim.

115. Brandon denies the allegations contained in paragraph one hundred and fifteen (115) of the Counterclaim and avers that FailSafe made payments to Brandon in the amount of $98,444.60 and that FailSafe has failed to pay Brandon $147,940.60 as required under the Agreements of May 1, 2003 and November 1, 2003.

116. Brandon denies the allegations contained in paragraph one hundred and sixteen (116) of the Counterclaim.

117. Brandon denies the allegations contained in paragraph one hundred and seventeen (117) of the Counterclaim.

118. Brandon denies the allegations contained in paragraph one hundred and eighteen (118) of the Counterclaim.

119. Brandon denies the allegations contained in paragraph one hundred and nineteen (119) of the Counterclaim which

refer to the following paragraphs of FailSafe's Counterclaims: seventy-seven (77); eighty (80); eighty-one (81); eighty-three (83); eighty-four (84); and eighty-five (85). Brandon admits the allegation referring to paragraph seventy-four (74) of the Counterclaim except denies that portion of the allegation that states that such contacts could be "easily cultivated." Brandon admits the allegation referring to paragraph seventy-five (75) of the Counterclaim. Brandon lacks knowledge or sufficient information to form a belief as to the truth or falsity of the allegation that refers to paragraph seventy-nine (79). Brandon denies the allegation that refers to paragraph seventy-six (76) of the Counterclaim, and respectfully refers the Court to the actual language set forth in the May 1, 2003 and November 1, 2003 Agreements for Professional Services attached to the Amended Complaint as Exhibits A and B.

> Brandon team members will work to provide the following services:
>
> a. Provide strategic consulting to develop a long-term strategy in support of FailSafe's objectives relative to the federal sector.
> b. Facilitate meetings with members of Congress who may be likely to assist FailSafe with selling to the federal government.
> c. Provide assess [sic] to key federal agency officials, in agencies such as the Department of Health and Human Services, Department of Transportation and various divisions of the Department of Homeland Security.
> d. Assist FailSafe in securing participation in a meeting with the Council on Private Sector Initiatives.
> e. Facilitate meetings [with] public safety and health and human services officials at the

state level. These states may include Alabama, Arkansas, Florida, Georgia, Louisiana, New Mexico, Massachusetts, Rhode Island, California, New Hampshire, Texas and Connecticut.

120. Brandon denies the allegations contained in paragraph one hundred and twenty (120) of the Counterclaim.

121. Brandon denies the allegations contained in paragraph one hundred and twenty-one (121) of the Counterclaim.

122. Brandon denies the allegations contained in paragraph one hundred and twenty-two (122) of the Counterclaim.

123. Brandon denies the allegations contained in paragraph one hundred and twenty-three (123) of the Counterclaim.

AND NOW, having fully answered the allegations of the Counterclaims to the Original Complaint filed herein against it, the Plaintiff/Counterclaim-Defendant sets forth the following special affirmative matters:

### FIRST AFFIRMATIVE DEFENSE

The Defendant/Counterclaim-Plaintiff's Counterclaims are barred on the grounds that FailSafe has failed to state any claims upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

The Defendant/Counterclaim-Plaintiff was in breach of the May 1, 2003 and November 1, 2003 written Agreements for Professional Services attached as Exhibits A and B to the

Amended Complaint by reason of its failure to make payments under the terms of the aforementioned Agreements.

### THIRD AFFIRMATIVE DEFENSE

The Defendant/Counterclaim-Plaintiff willfully and intentionally violated the terms of the May 1, 2003 and November 1, 2003 Agreements for Professional Services in that the Defendant/Counterclaim-Plaintiff failed to make payments under the terms of the aforementioned agreements and in that FailSafe misrepresented its relationship to the Plaintiff to its Investor Overview, attached to the Amended Complaint as Exhibit D, which was published to third parties.

### FOURTH AFFIRMATIVE DEFENSE

The Defendant/Counterclaim-Plaintiff is not entitled to equitable relief inasmuch as he has been guilty of inequitable conduct and has failed to come into equity with clean hands, in that it breached the May 1, 2003 and November 1, 2003 Agreements for Professional Services and in that it published a fraudulent Investor Overview, which is attached to the Amended Complaint as Exhibit D, which harmed the Plaintiff/Counterclaim-Defendant.

### FIFTH AFFIRMATIVE DEFENSE

The Defendant/Counterclaim-Plaintiff's Counterclaims are barred as a result of its own Wrongful Conduct in failing to satisfy the terms of the May 1, 2003 and November 1, 2003

12

Agreements for Professional services and its Affirmative breaches of said Agreements.

### SIXTH AFFIRMATIVE DEFENSE

The Defendant/Counterclaim-Plaintiff's Counterclaims are barred as a result of its own Bad Faith Acts, including fraud, as delineated in the Amended Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

The Defendant/Counterclaim-Plaintiff is estopped from obtaining any relief in this action by reason of its representation that upon completion of the Plaintiff/Counterclaim-Defendant's responsibilities delineated in the May 1, 2003 and November 1, 2003 Agreements for Professional Services, which representation was intended to induce the Plaintiff/Counterclaim-Defendant to carry out the terms of the aforementioned Agreements and to facilitate meetings with high level federal and state officials, and as a result, the Defendant/Counterclaim-Plaintiff did meet said officials and secure, inter alia, a state grant from the Massachusetts Department of Public Health, all to the detriment of the Plaintiff/Counterclaim-Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

The Defendant/Counterclaim-Plaintiff is not entitled to recover in this action, on the grounds that the Defendant/Counterclaim-Plaintiff promised that it would pay

the Plaintiff/Counterclaim-Defendant for services rendered under the May 1, 2003 and November 1, 2003 Agreements for Professional Services, intending that the Plaintiff/Counterclaim-Defendant would rely on that promise, and as a result, the Plaintiff/Counterclaim-Defendant did what the Defendant/Counterclaim-Plaintiff intended it should do, including facilitating meetings with high level state and federal officials, aiding the Defendant/Counterclaim-Plaintiff's entry into new markets and, inter alia, in securing a state grant from the Massachusetts Department of Public Health.

### NINTH AFFIRMATIVE DEFENSE

If the Plaintiff/Counterclaim-Defendant owed the Defendant/Counterclaim-Plaintiff anything, which the Plaintiff/Counterclaim-Defendant denies, the Defendant/Counterclaim-Plaintiff has waived payment, in that it partially satisfied its debt by paying $98,444.60 of its total debt of $246,385.20, as evidenced by Exhibit C of the Amended Complaint, to the Plaintiff/Counterclaim-Defendant for services rendered, thus implying that Plaintiff/Counterclaim-Defendant had properly executed the terms of the May 1, 2003 and November 1, 2003 Agreements for Professional Services

### TENTH AFFIRMATIVE DEFENSE

The Defendant/Counterclaim-Plaintiff's Counterclaim is barred as a result of its violations of Massachusetts' law

and Federal law.

### ELEVENTH AFFIRMATIVE DEFENSE

As the criteria used for determining whether and in what amount punitive damages may be awarded are impermissibly vague, imprecise and inconsistent, an award of punitive damages in this civil action would violate the due process provisions of the Fifth and Fourteenth Amendments to the Constitution of the United States.

### CONCLUSION

For all the aforementioned reasons, this Court should deny the Counterclaim of the Defendant/Counterclaim-Plaintiff.

Respectfully Submitted,
Brandon Associates, LLC
By its attorney,

/s/ Stacy J. Silveira
Stacy J. Silveira, Esq.
BBO# 650675
General Counsel
Brandon Associates, LLC
160 Commonwealth Avenue
Boston, MA 02116
(617) 695-8949

Dated: October 29, 2004

---

Certificate of Service

I hereby certify that I cased a true copy of the above document to be served upon the attorneys of record for each of the other parties in this action by placing the documents in the U.S. Mail this 29th day of October, 2004.

/s/ Stacy J. Silveira
Stacy J. Silveira, Esq.

15