UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRANDON ASSOCIATES, LLC,
    *Plaintiff,*

v.

FAILSAFE AIR SAFETY SYSTEMS CORP.,
    *Defendant*.

Civil Action No. 04-12013 NMG

**OPPOSITION TO
PLAINTIFF'S MOTION FOR LEAVE TO REPLY TO COUNTERCLAIMS**

    Plaintiff, *Brandon Associates, LLC*, continues to demonstrate its disregard for the Federal Rules for Civil Procedure at the expense of Defendant, *Failsafe Air Safety Systems Corp.* ("Failsafe") in the prosecution of this action.  And, once again, Failsafe is compelled to expend time and resources to respond.  Plaintiff now seeks leave to file a reply to Failsafe's counterclaim after failing to comply with Fed. R. Civ. P. 12(a)(2), which requires a plaintiff to "serve a reply to a counterclaim…within 20 days" after service.[1]  *See Motion For Leave To Reply To Counterclaims*, undated ("Plaintiff's Motion"), and supporting documents, *Affidavit of Counsel*, undated, and *Reply To*

---

[1] Failsafe filed its counterclaim as part of its *Verified Answer* on September 30, 2004.  When it did not receive a responsive pleading within 20 days, Failsafe filed a *Request For Default*, on October 28, 2004.  Plaintiff has yet to respond to this request.

*Counterclaim*, dated October 29, 2004.[2]

Had Plaintiff's failure to comply with the Rules in this instance been but an isolated event, perhaps it would be reasonable for Failsafe to not oppose this motion.[3] However, Plaintiff's conduct here must be put into context:  Taken as a whole (and even though this litigation is still only in its early procedural stages), Plaintiff has engaged in a pattern of taking liberties with the Rules at Failsafe's expense.  Failsafe has already asked this Court to sanction Plaintiff because such acts not only prejudice Failsafe's efforts to defend itself, but are forcing Failsafe to continually waste its time and money to protect its interests.

Adding insult to injury, Plaintiff also superciliously repeats its suggestion that it should be excused from following the Rules because its in-house counsel who is prosecuting this case is simply too busy and has no administrative help.  *See Affidavit of Counsel* at ¶9 ("Counsel is the sole attorney at her place of business, and as such, Counsel has been extraordinarily busy with other business matters, and said business

---

[2] Note that the *Affidavit of Counsel* was not signed under the pains and penalties of perjury.  It should be further noted that two of the statements made therein are inaccurate.  Paragraph 2 states that the Plaintiff amended its complaint, which it did not.  More accurately, and as argued in earlier pleadings, Plaintiff elected to file a motion for leave to amend its complaint.  By the same token, ¶4 states that Failsafe has failed to answer the proposed amended complaint.  Again, this is not true.  As Failsafe was initially not served with Plaintiff's motion to amend (or the proposed amended complaint), it took the only action it could under the circumstances which was to file a motion to strike, and later a further response, both of which make clear that Failsafe opposes Plaintiff's efforts to amend its complaint.  As these motions are still pending, Failsafe does not deem it appropriate to file an answer to a proposed amended complaint which has not yet been allowed by this Court.

[3] In fact, Failsafe began this litigation making a good faith effort to conduct itself in a cooperative spirit of civility – exemplified by the fact that it did not oppose Plaintiff's pro hac vice motion which sought leave for its counsel to appear before this Court (a decision which Failsafe may now regret).

matters have prevented Counsel from filing this Reply to the Defendant's Counterclaim at an earlier date").

Once again, in an effort to allow the fair and efficient litigation of this dispute, Failsafe asks this Court to not tolerate the Plaintiff's pattern of disregard for the Rules of Civil Procedure - and the apparent sense of entitlement that has accompanied this lack of compliance (indeed, the Court should not allow the Plaintiff to litigate this matter at its own convenience).  Thus, Failsafe asks that Plaintiff's *Motion For Leave To Reply To Counterclaims* be denied and that the accompanying *Reply To Counterclaim* be stricken.

DEFENDANT,
*Failsafe Air Safety Systems Corp*.
By its attorney,


s/Laurie M. Ruskin
_____
Laurie M. Ruskin, *Of Counsel*, BBO# 630374
SWEDER & ROSS LLP
21 Custom House Street, Suite 300
Boston, MA 02110
(617) 646-4466



Dated:  November 12, 2004



CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served
upon the attorney of record for each of the other parties in this action
by U.S. mail, this 12th day of November, 2004.

s/Laurie M. Ruskin
_____
Laurie M. Ruskin

3