SCANNED
DATE: 11/15/07
BY: K.S.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2004 NOV 12 P 2:45

DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| BRANDON ASSOCIATES, LLC<br>Plaintiff<br><br>v.<br><br>FAILSAFE AIR SAFETY SYSTEMS CORP., BLUE SAGE CONSULTING, INC., ELCON MEDICAL, DEBRA ESPE, ALAN FEUERSTEIN<br>Defendants | CIVIL ACTION<br><br>NO. 04 12013NMG |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S REQUEST FOR DEFAULT

The Plaintiff, Brandon Associates, LLC ("Brandon"), respectfully requests that this Court deny the Request for Default filed by the Defendant FailSafe Air Safety Systems Corp. ("FailSafe") on October 28, 2004.

### Procedural History

Brandon filed its original Verified Complaint and Action to Reach and Apply against FailSafe on September 8, 2004 in the Superior Court of the Commonwealth of Massachusetts. On September 17, 2004, FailSafe removed the case to this Court on grounds of diversity jurisdiction.

On September 24, 2004, sixteen days after filing the original complaint and prior to the filing of an answer by FailSafe, Brandon amended its complaint as a matter of course pursuant to FED. R. CIV. P. 15(a).

On September 30, 2004, four days after Brandon filed the Amended Complaint, FailSafe filed an Answer and Counterclaim to the original complaint. FailSafe has never filed an Answer to the Amended Complaint.

On October 4, 2004, FailSafe filed a Motion to Strike and for Sanctions. On October 18, 2004, Brandon filed its Response to the Defendant's Motion to Strike and for Sanctions. On October 29, 2004 the Defendant filed a Reply to the Plaintiff's Response to Defendant's Motion to Strike and for Sanctions.

On October 28, 2004, FailSafe's Counsel filed the Request for Default for FailSafe's Counterclaim.

On October 29, 2004, Brandon filed its Motion for Leave to Reply to the Counterclaim eight (8) days late and Brandon's Reply to Counterclaim.

1. The Plaintiff Brandon Is Not In Default.

The Plaintiff respectfully requests that this Court deny the FailSafe's Request for Default because the Plaintiff is not in default. As the procedural history to this case makes clear, on September 24, 2004, only sixteen days after filing the original complaint and prior to the filing of an answer by FailSafe, Brandon amended its complaint as a matter of course pursuant to FED. R. CIV. P. 15(a). FailSafe, however, filed an Answer and Counterclaim to the original Complaint on September 30, 2004, four days after Brandon filed the Amended Complaint. In reality, FailSafe is in default for failing to answer the Amended Complaint. Therefore, this Court deny the FailSafe's Request for Default.

2

## II. This Court Sound Deny The Defendant's Request For Default

On October 28, 2004, prior to the filing of FailSafe's Request for Default, Plaintiff's counsel spoke to FailSafe's counsel on a telephone call. During that conversation, Plaintiff's counsel informed opposing counsel that out of an abundance of caution, and even though Brandon was no required to do so because FailSafe had not responded to the Amended Complaint, Plaintiff's counsel planned to reply to FailSafe's Counterclaim eight (8) days late. When Plaintiff's counsel asked opposing counsel to assent to the filing of such a reply eight days late, opposing counsel adamantly refused this request. At no time during the telephone conversation did opposing counsel inform Plaintiff's counsel that she would be filing a Request for Default later that same day. The following day, October 29, 2004, Plaintiff's counsel filed a motion for leave to reply to the counterclaim eight days late and a Reply to Counterclaim. *See Johnson v. Dayton Electric Manufacturing*, (8th Cir. 1998) (opposing counsel "was wrong to move for a default judgment and was rather underhanded to make that motion without notice to an attorney with whom he had been in contact"). Because this is not a case of willful default or a refusal to proffer an excuse for not responding, and where Plaintiff counsel's actions evidence her intent to fulfill her obligations as an officer of this Court, this Court should deny the Request for Default. *See KPS & Assoc., Inc. v. Designs By FMC Inc.*, 318 F.3d 1 (1st Cir. 2003), *quoting McKinnon v. Kwong Wah Restaurant*, 83 F.3d 498 (1st Cir. 1996) (issues the Court may consider in the "good cause" analysis under Rule 55 (c) include: "(1) whether the default was willful; (2) whether setting [the default] aside would prejudice the adversary; (3) whether a meritorious defense is presented; (4) the nature of the defendant's explanation for the default; (5) the good faith of the parties; (6)

the amount of money involved; (7) the timing of the motion [to set aside entry of default]"); *Enron Oil Corp v. Diakuhara*, 10 F.3d 90 (2nd Cir. 1993) (reversing district court's entry of default and default judgment where defendant's conduct evidenced his intent to fulfill his obligations as a litigant).

## CONCLUSION

For these reasons, the Plaintiff Brandon Associates, LLC respectfully requests that this Court deny the Defendant's Request for Default.

Respectfully Submitted,

For Brandon Associates, LLC
By its Attorney

*/s/ Stacy J. Silveira*
Stacy J. Silveira, Esq.
BBO # 650675
General Counsel
Brandon Associates, LLC
160 Commonwealth Avenue
Boston, MA 02116
(617) 695-8949

November 12, 2004

### CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each of the other parties in this action by placing the document in the U.S. mail, this 12th day of November, 2004.

*/s/ Stacy J. Silveira*
Stacy J. Silveira, Esq.