UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

BRANDON ASSOCIATES, LLC,
                    Plaintiff,

v.                                  CA#: 04-12013NMG

FAILSAFE AIR SAFETY SYSTEMS, CORP.,
BLUE SAGE CONSULTING, INC,
ELCON MEDICAL, DEBRA
ESPE and ALAN FEURSTEIN,
                    Defendants.    /

### DEFENDANT BLUE SAGE CONSULTING, INC.'S MEMORANDUM OF LAW IN SUPPORT OF ITS 12(b) MOTION TO DISMISS

#### I. FACTS

The Defendant, Blue Sage Consulting, Inc. (hereinafter "Blue Sage" or defendant), a Massachusetts Corporation, performed consulting services on behalf the Defendant, Failsafe Air Safety Systems, Corp. (hereinafter "Failsafe"), a New York Corporation. In return for providing a these services, Blue Sage was paid a consulting fee and was further compensated with a Five (5%) percent equity stake in Failsafe. As part of the duties of Blue Sage, the defendant brought the Plaintiff, Brandon Associates, LLC (hereinafter "Brandon" or plaintiff) a Massachusetts Corporation, to the table as a lobbyist for Failsafe.

After a lengthy relationship with Failsafe, Brandon, after not receiving payment for its services, filed suit against Failsafe in Suffolk Superior Court on or about September 8, 2004. Upon receiving notice of the Complaint, the counsel for Failsafe removed the case to the United State District Court for the District of Massachusetts

citing a case or controversy in excess of $100,000.00 and complete diversity of citizenship.

The plaintiff then sought to amend its complaint following removal but prior to the filing of any responsive pleadings, adding Eicon Medical, Debra Espe and Alan Feuerstein, all equity owners of Failsafe, all New York citizens. The Plaintiff also named Blue Sage as a defendant for no apparent reason other than an effort to destroy diversity of citizenship. The pleadings do not state a claim upon which relief can be granted, Blue Sage being mentioned only three times (Para. 3, 22 and 61 of Amended Verified Complaint). The first mention in Paragraph 3 recites the defendant's principal place of business, and the last two, Paragraphs 22 and 61, are merely statements of the defendant's equity stake.

## II. ISSUE

a). Whether the knowing addition of a defendant for the sole purpose of destroying diversity is a basis for dismissal of Plaintiff's action pursuant to Rule 12 (b).

b.) Is such joinder deemed fraudulent?

## III. THE ARGUMENT

The courts have long held that diversity jurisdiction over a claim failed for violation of 28 U.S.C §1359. Taste Farm Corporation, et al. v. Hadbury, Inc., et al. 70 F.3d 640, 641 (1995). In this case, however, the circumstances are reversed.

The Plaintiff did not seek to create diversity; but rather, to destroy it. Brandon knew from its personal relationships with Blue Sage, as well as its preliminary investigation prior to amending its complaint, that Blue Sage was a Massachusetts

Corporation. Further, the Plaintiff's pleadings identify Blue Sage as a Massachusetts Corporation. (Para. 3)

The case of Chicago, Rock Island Pacific Railway Company v. Whitaker dealt with this issue, noting that when the plaintiff instituted the action, he had no recoverable intention of recovering any judgment against Drake, who was joined as a defendant for the sole purpose of preventing the company from removing the action from the State Court. Chicago, Rock Island Pacific Railway Company v. Whitaker 239 U.S 421, 423 (1915).

Similarly, the Plaintiff, knowing that there is no claim against Blue Sage, has amended its complaint to include Blue Sage for the obvious sole purpose of destroying diversity of citizenship. Indeed, the Plaintiff pleads the citizenship of Blue Sage without any other allegations of actions upon which relief can be granted.

This is clearly a violation of the standards of practice set forth in Whitaker. Further, the Defendant is entitled not only to dismissal of the action but attorney fees and costs for the fraudulent joinder of Blue Sage.

The allegation of fraud in pleading is not just a bold assertion, but rather a fact that is clear on the face of the pleadings. Blue Sage is briefly mentioned in the complaint, and even giving the Plaintiff the benefit of the doubt in looking at the pleadings, it still can not be said that Blue Sage was added for any reasons other than to destroy diversity.

The Standard is that the showing of fraud in pleading "…must be such as compels the conclusion that the joinder is without right and made in bad faith." Id. at 425, citing

Chesapeake & Ohio Ry. v. Cockrell, 232 U.S. 146, 152. A perfunctory review of the pleadings affirms that this standard has been met.

## CONCLUSION

That the Plaintiff has added Blue Sage for the sole purpose of destroying diversity of citizenship and that said joinder, based upon the totality of the circumstances and the pleadings, was fraudulent or otherwise in bad faith.

_____
Robert N. Wilson, Jr., Esquire
BBO #: 558374
46 Washington Street
PO Box 633
Ayer MA  01432-0633
(978)772-9014

Dated: November 26, 2004