United States District Court

District of Massachusetts

BRANDON ASSOCIATES, LLC,    )
    Plaintiff                                  )
                                                  )
V.                                             ) C.A. No. 04-12013-NMG
                                                  )
FAILSAFE SAFTEY SYTEMS CORP.,    )
    Defendant                                )
                                                  )
                                                  )

## OPPOSITION TO DEFENDANT BLUE SAGE CONSULTING, INC.'S MOTION FOR ATTORNEYS FEES AND COSTS

The Motion of Blue Sage Consulting, Inc. ("Blue Sage") for attorneys fees and costs for briefly defending the above action prior to Plaintiff Brandon Associates, LLC's ("Brandon") Second Motion to Amend, which was granted on December 8, 2004, must be denied because it is substantively unwarranted and facially defective.

Blue Sage's theory of recovery appears to rest on the bald assumption that it was added as a defendant solely to defeat federal diversity jurisdiction. *See* Blue Sage's Memorandum in Support of its 12(b) Motion to Dismiss. The attached affidavit of Stacy Silveira, Esq. refutes that premise. Blue Sage's principal was and is an owner of Failsafe which has breached its contract with Brandon; Blue Sage's principal introduced Brandon Associates to Failsafe; Blue Sage's principal wrote the Investor Overview for Failsafe that included unauthorized and actionable references to Brandon and its principal. Avoiding diversity was not a reason for suing Blue Sage - it was an unintended consequence. Blue Sage was named as a defendant for legitimate reasons

relating to viable causes of action. Thus, it was the conduct of Blue Sage that caused it temporarily to be drawn into this litigation. Brandon's subsequent decision to streamline the case to focus on the contract claim against Failsafe and remove the other defendants should be applauded as an effort to simplify the dispute and serve the interest of judicial economy. Brandon should not be punished for its laudatory effort at narrowing issues in this unduly complex litigation.

There is no basis for deviating from the American Rule that requires parties to bear their own legal costs. <u>Alyeska Pipeline Service Co. v. Wilderness Society</u>, 421 U.S. 240 (1975). Nor does the movant point to any statutory authority or applicable case law to shift that burden.

In addition, the affidavit submitted by the movant purportedly in support of its attorneys' fees and costs is facially defective. There are no contemporaneous time records or billing detail concerning the services allegedly rendered. Dates, the nature of the activity and the amount of time expended on each task are not supplied as required. Counsel does not establish his relevant experience, the reasonableness of his rates, or his customary billing practices. Nor does the affidavit or other papers demonstrate sufficient billing judgment. Finally, the fee application does not establish the movant's legal entitlement to fees. Blue Sage's counsel did not prevail procedurally or substantively. He merely protected his client in the face of potential liability. This is not recoverable absent bad faith or sanctionable conduct, neither of which exist here.

For the foregoing reasons, Brandon Associates respectfully requests that this Court deny and dismiss Blue Sage's Motion for Attorneys Fees and Costs.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28
29
30

Respectfully submitted,
Brandon Associates, LLC
By and through his attorneys,

*[signature]*

Harris K. Weiner, Esq. (MA Bar # 551981)
Law Office of Jeffrey B. Pine, Esq. PC
The Heritage Building
321 South Main St., Ste 302
Providence, RI 02903
401/351-8200 – Telephone
401/351-9032 – Facsimile

### CERTIFICATION

I, the undersigned, hereby certify that a true copy of the above document was sent postage pre-paid to Robert Wilson, Jr., Esq. 46 Washington Street P.O. Box 633 Ayer, MA 01432-0633 01756, and Laurie M. Ruskin, Esq., Sweder & Ross, LLP, 21 Custom House Street, Suite 300, Boston, MA 02110 on this 21 day of December, 2004.

*Lidie Odom*

## AFFIDAVIT

I, Stacy Silveira, hereby declare to the best of my knowledge and belief that:

1. Blue Sage, Inc. was added to the first Amended Complaint because the Principal, Pam Camagna, was a shareholder of FailSafe Air Safety Systems Corp. (FailSafe), a functionally close corporation and was also intimately involved in the management of FailSafe.
2. Blue Sage, Inc. was added to the first Amended Complaint because the Principal, Pam Camagna, introduced Brandon Associates to FailSafe Air Safety Systems Corp. (FailSafe).
3. Blue Sage was added to the first Amended Complaint because Pamela Campagna was the author of the Investor Overview which contained fraudulent information about the Plaintiff.
4. The result of destroying diversity was an unintended byproduct but not the reason why Blue Sage was added as a party to the First Amended complaint.

Signed under the pains and penalties of perjury, this 10th day of December.

Stacy J. Silveira, Esq.
BBO # 650675