UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 04-12013NMG

BRANDON ASSOCIATES, LLC,
    Plaintiff,
v.

FAILSAFE AIR SAFETY SYSTEMS, CORP.,
BLUE SAGE CONSULTING, INC.,
ELCON MEDICAL, DEBRA ESPE, and
ALAN FEURSTEIN,
    Defendants.

**REPLY TO PLAINTIFF'S OPPOSITION TO DEFENDANT BLUE SAGE CONSULTING, INC.'S MOTION FOR ATTORNEY'S FEES AND COSTS**

The Motion of Defendant Blue Sage Consulting, Inc. ("Blue Sage") for attorney's fees and costs incurred defending this frivolous action should be granted. It is both substantively warranted and facially valid since Blue Sage was added to this action by the Plaintiff, Brandon Associates, LLC ("Brandon" or "Plaintiff") solely as a means to defeat federal diversity jurisdiction. The result was an insubstantial, frivolous and bad faith claim against Defendant Blue Sage in violation of Massachusetts General Laws Ch. 231 § 6F.

While the traditional American Rule requires parties to bear their own costs, there are well-entrenched exceptions to this general rule. In Alyeska Pipeline Service Co. v. Wilderness Society the Court found no applicable exception justifying deviation from the general rule. Alyeska Pipeline Service Co. v. Wilderness Society, 421 U.S. 240 (1975). In that case newly enacted legislation effectively terminated the litigation of an otherwise meritorious claim. Id. at

1

245-246. "The exception for an award against a party who had acted in bad faith was inapposite, since the position taken by the federal and state parties and Alyeska 'was manifestly reasonable and assumed in good faith.'" Id. at 246. In contrast, in the present action the Plaintiff has espoused no viable cause of action against Blue Sage as evidenced by the pleadings, and joined Blue Sage merely as a ploy to defeat federal diversity jurisdiction.

There is a well-recognized exception to the American Rule where a party has acted in bad faith in bringing a frivolous claim. Id. Additionally, in a diversity case "a federal court may follow a state statutory policy allowing attorney's fees as costs." Nash v. Trustees of Boston University, 790 F. Supp. 48, 49 (D.R.I. 1991). "Any plaintiff who coerces a defendant into a fraudulent lawsuit, with all its concomitant aches and pains, falls within the ambit of the Massachusetts statute." Id. at 50.

Massachusetts General Laws Ch. 231 § 6F states a court may award "…an amount representing the reasonable counsel fees and other costs and expenses incurred in defending against" claims that were "wholly insubstantial, frivolous and not advanced in good faith." In an attempt to enunciate a legitimate theory of recovery against Blue Sage the Plaintiff has continually emphasized the conduct of Blue Sage's "principal." Yet conspicuously absent from such explanation is any alleged wrongdoing undertaken by Blue Sage, or by its principal on behalf of Blue Sage. The Plaintiff's Opposition refers to "legitimate reasons" for pursuing Blue Sage, and the improper "conduct" of Blue Sage, but fails to cite a single instance of alleged wrongdoing on behalf of Blue Sage. Instead, the Plaintiff takes the inexplicable next step of suggesting it should be applauded for its actions in this case, which include the pursuit of claims without basis in law or fact. The Plaintiff's claims are insubstantial, frivolous and advanced in bad faith as a means to destroy federal diversity jurisdiction.

The present case is analogous to the situation in <u>Hahn v. Planning Board of Stoughton</u>. There the Court upheld an award of attorney's fees under M.G.L. Ch. 231 § 6F. <u>Hahn v. Planning Board of Stoughton</u>, 403 Mass. 332 (1988). A group of Stoughton residents brought suit to set aside approval of a subdivision plan by the planning board of Stoughton. <u>Id</u>. at 333. The Court affirmed the award of fees because it found each of the Plaintiff's theories of recovery was irrelevant and immaterial to the central issue of the case, and therefore frivolous and brought in bad faith. <u>Id</u>. at 337. Just as the theories in <u>Hahn</u> were irrelevant and immaterial, the purported theories of recovery against Blue Sage are also irrelevant and immaterial (or more properly, nonexistent). The claims are frivolous and brought in bad faith, justifying an award of attorney's fees.

The Plaintiff may argue their claims were not brought in bad faith because they genuinely believed they had a viable theory of recovery against Blue Sage, even though the Plaintiff failed to plead any such theory. However, the question is not whether the Plaintiff genuinely believed a viable theory of recovery existed, but whether the Plaintiff had *reason* to believe a viable theory existed. <u>Massachusetts Adventura Travel, Inc. v. Mason</u>, 27 Mass. App. Ct. 293, 298-299 (1989). "Absence of good faith of a claimant in litigation may be inferred reasonably from circumstances found by a trial judge, such as the claimant's experience and training, his knowledge of relevant circumstances as found by the trial judge, the extent to which advice and participation of counsel was available to him, the quality and significance of the claimant's grounds advanced for opposing an award under §§ 6F and 6G, and similar criteria." <u>Id</u>.

In <u>Massachusetts Adventura Travel</u> the plaintiff brought suit against former employees claiming violation of a covenant not to compete. The Court upheld an award of counsel fees

3

while acknowledging the plaintiff may have genuinely believed such a covenant not to compete existed. Id. The Court affirmed the award of counsel fees because the trial judge was justified in finding the plaintiff had no reason to believe such a covenant existed, and thus exhibited bad faith in bringing a frivolous claim. Id. Just as the plaintiff in Massachusetts Adventura Travel had no reason to believe a covenant not to compete existed, the Plaintiff here has no reason to believe Blue Sage, or anyone acting on behalf of Blue Sage, has done anything giving rise to a cause of action on the part of the Plaintiff. The Plaintiff has failed to point to any actions of Blue Sage that give rise to a cause of action against it. Therefore, it is clear that the Plaintiff has joined Blue Sage simply as a means to defeat federal diversity jurisdiction. The result is an insubstantial, frivolous claim pursued in bad faith.

For the reasons stated above the Defendant Blue Sage Consulting, Inc. respectfully restates its request that the Court grant its motion for attorney's fees and costs in the amount of $5,737.50. In addition, Blue Sage attaches and incorporates by reference the attached Affidavit of Counsel in further support of its response to Plaintiff's Opposition.

Respectfully submitted,
Blue Sage Consulting, Inc.,
By its Attorney,

Robert N. Wilson, Jr., Esq.
BBO #: 558374
46 Washington Street
PO Box 633
Ayer, MA 01432-0633
(978) 772-9014

Dated: January 3, 2005

## Certificate of Service

I, Robert N. Wilson, Jr., attorney for the Defendant, Blue Sage Consulting, Inc. certify that I have served a copy of the foregoing Reply to the Plaintiff's Opposition and accompanying Affidavit of Counsel upon all parties via electronic mail and by mailing, postage prepaid, via Regular US Mail on January 3, 2005.

I further certify that I am over the age of eighteen (18) and not a party to this action.

_____
Robert N. Wilson, Jr.