**United States District Court**

**District of Massachusetts**

**Central Division**

BRANDON ASSOCIATES, LLC,    )
          **Plaintiff**    )
              )
V.    )    **C.A. No. 04-12013-NMG**
              )
FAILSAFE SAFETY SYTEMS CORP.,    )
              )
          **Defendant**    )
              )
              )
              )

## PLAINTIFF'S REPLY TO DEFENDANT'S COUNTERCLAIM

Now comes Plaintiff Brandon Associates, LLC, Plaintiff and Counterclaim-Defendant ("Brandon") in the

above-referenced action to respond as follows to the allegations in the counterclaim of

Defendant/Counterclaimant Failsafe Safety Systems Corp ("Failsafe").

1-44. The allegations contained in paragraphs 1-44 require no response.

45. Brandon lacks sufficient knowledge to admit or deny the allegations of paragraph 45 and puts

Counterclaimant Failsafe to its proof.

46. The allegations contained in paragraph 46 are admitted.

47. Brandon lacks sufficient knowledge to admit or deny the allegations of paragraph 47 and puts

Counterclaimant Failsafe to its proof.

48. Brandon lacks sufficient knowledge to admit or deny the allegations of paragraph 48 and puts

Counterclaimant Failsafe to its proof.

49. Brandon lacks sufficient knowledge to admit or deny the allegations of paragraph 49 and puts

Counterclaimant Failsafe to its proof.

50. Brandon lacks sufficient knowledge to admit or deny the allegations of paragraph 50 and puts Counterclaimant Failsafe to its proof.

51. The allegations contained in paragraph 51 are denied to the extent that Donald Flanagan is the Chief Executive Officer, denied that he "warranted and represented that it [Brandon] maintained and owned … indispensable and key government contacts," admitted that Flanagan is a registered lobbyist in the Commonwealth of Massachusetts.

52. Denied that Flanagan made any warranties. Admitted as to the remaining allegation contained in paragraph 52.

53. Denied that Brandon made any warranties. Admitted as to the remaining allegations contained in paragraph 53.

54. The allegations contained in paragraph 54 of the counterclaim are admitted insofar as they refer to quoted material contained in paragraph 53.

55. The allegations contained in paragraph 55 of the counterclaim are denied.

56. Brandon lacks sufficient knowledge to admit or deny the allegations of paragraph 56 and puts Counterclaimant Failsafe to its proof.

57. The allegations contained in paragraph 57 of the counterclaim are denied.

58. The allegations contained in paragraph 58 of the counterclaim are denied.

59. The allegations contained in paragraph 59 of the counterclaim are denied.

60 The allegations contained in paragraph 60 of the counterclaim are denied.

61. The allegations contained in paragraph 61 of the counterclaim are denied.

62. The allegations contained in paragraph 62 of the counterclaim are denied.

63. The allegations contained in paragraph 63 of the counterclaim are denied.

64. The allegations contained in paragraph 64 of the counterclaim are denied.

65. The allegation contained in paragraph 65 are denied except insofar as Counterclaimant Failsafe made partial payments of $95,000 on the contract. Denied as to the remaining allegations contained in paragraph 65.

66. The allegations contained in paragraph 66 are denied. The terms of the unspecified paragraph of the contract speak for themselves.

67. The allegations contained in paragraph 67 of the counterclaim are denied.

68. The allegations contained in paragraph 68 of the counterclaim are denied.

69. The allegations contained in paragraph 69 of the counterclaim are denied.

70. The allegations contained in paragraph 70 of the counterclaim are denied.

71. The allegations contained in paragraph 71 of the counterclaim are denied.

72. The allegations contained in paragraph 72 of the counterclaim are denied.

73. The allegations contained in paragraph 73 require no response.

74. The allegations contained in paragraph 74 of the counterclaim are denied.

75. The allegations contained in paragraph 75 of the counterclaim are denied.

76. The allegations contained in paragraph 76 require no response.

77. The allegations contained in paragraph 77 of the counterclaim are denied.

78. The allegations contained in paragraph 78 of the counterclaim are denied.

79. The allegations contained in paragraph 79 of the counterclaim are denied.

80. The allegations contained in paragraph 80 of the counterclaim are denied.

81. The allegations contained in paragraph 81 of the counterclaim require no response.

82. The allegations contained in paragraph 82 of the counterclaim are denied.

83. The allegations contained in paragraph 83 of the counterclaim are denied.

84. The allegations contained in paragraph 84 of the counterclaim are denied.

85. The allegations contained in paragraph 85 of the counterclaim are denied.

86. The allegations contained in paragraph 86 require no response.

87. The allegations contained in paragraph 87 of the counterclaim are denied.

88. The allegations contained in paragraph 88 of the counterclaim are denied.

89. The allegations contained in paragraph 89 of the counterclaim are denied.

90. The allegations contained in paragraph 90 of the counterclaim are denied.

91. The allegations contained in paragraph 91 require no response.

92. The allegations contained in paragraph 92 of the counterclaim are denied.

93. The allegations contained in paragraph 93 of the counterclaim are denied.

94. The allegations contained in paragraph 94 of the counterclaim are denied.

95. The allegations contained in paragraph 95 require no response.

96. The allegations contained in paragraph 96 of the counterclaim are denied.

97. The allegations contained in paragraph 97 of the counterclaim are denied.

98. The allegations contained in paragraph 98 of the counterclaim are denied.

99. The allegations contained in paragraph 99 of the counterclaim are denied.

100. The allegations contained in paragraph 100 of the counterclaim are denied.

Wherefore, Plaintiff and Counterclaim-Defendant Brandon Associates, LLC demands that Defendant Counterclaimant, Failsafe Safety Systems Corp.'s Counterclaim be denied and dismissed in its entirety, and that Brandon Associates, LLC be awarded its costs and attorneys fees in defending this meritless Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe has failed to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe breached the agreements between the parties.

### THIRD AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's counterclaim is barred by the Doctrine of Unclean Hands.

### FOURTH AFFIRMATIVE DEFENSE

Defendant Counterclaimant Failsafe's counterclaim is barred because Plaintiff Brandon performed as agreed.

### FIFTH AFFIRMATIVE DEFENSE

Counterclaimant-defendant Failsafe's request for punitive damages is barred by the Fifth and Fourteenth Amendments of the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Counterclaim is barred by the Doctrine of Estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Counterclaim is barred by the Doctrine of Waiver.

### EIGHTH AFFIRMATIVE DEFENSE

If Defendant-Counterclaimant Failsafe suffered damages they were caused by third parties over whom Plaintiff Counterclaim-Defendant Brandon had no control.

### NINTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Counterclaim is barred for failure of consideration.

### TENTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Counterclaim is barred by the Doctrine of Laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Counterclaim is a proffered defense and not a Counterclaim.


Wherefore, Plaintiff and Counterclaim-Defendant Brandon Associates, LLC demands that Defendant Counterclaimant, Failsafe Safety Systems Corp. counterclaim be denied and dismissed in its entirety, and that Brandon Associates, LLC be awarded its costs and attorneys fees in defending this meritless counterclaim.

Plaintiff and counterclaim-defendant
Brandon Associates, LLC
By and through its attorney,


Harris K. Weiner, Esq. (#551981)
Law Office of Jeffrey B. Pine, Esq. PC
321 South Main St., Ste 302
Providence, RI  02903
401/351-8200 – Telephone
401/351-9032 – Facsimile

## CERTIFICATION

I, the undersigned, hereby certify that on this __19__ day of January 2005, I mailed a true copy of the foregoing *Plaintiff's Reply to Defendant's Counterclaim* to Kenneth Sweder, Esq. and Lori M. Ruskin, Esq., Sweder & Ross, LLP 21 Custom House Street Suite 300, Boston, MA 02110 and Robert N. Wilson, Jr., Esq., 46 Washington Street, P.O. Box 633, Ayer, MA 01432

Leslie A. Odom