UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRANDON ASSOCIATES, LLC,<br>     *Plaintiff,*<br><br>v.<br><br>FAILSAFE AIR SAFETY SYSTEMS CORP.,<br>     *Defendant*. | Civil Action No. 04-12013 NMG |

**DEFENDANT'S MOTION TO
AMEND COUNTERCLAIM AND JOIN PARTY**

Pursuant to Rules 15(a), 13(h) and 20 of the Federal Rules of Civil Procedure, the Defendant, *Failsafe Air Safety Systems Corp.* ("Failsafe") respectfully seeks leave of this Court to amend its *Verified Answer And Counterclaim To Second Amended Complaint*, dated December 29, 2004.  More specifically, Failsafe seeks to amend its Counterclaim against Plaintiff, *Brandon Associates, Inc*. ("Brandon") by adding a claim for unfair or deceptive act or practices prohibited under Chapter 93A, §11 of the Massachusetts General Laws, and by joining *Donald B. Flanagan* ("Flanagan"), Brandon's President and CEO, in his individual capacity and assert the same Chapter 93A against him along with a claim for intentional interference with a contractual business relationship.

A copy of the proposed amended Counterclaim, entitled *Answer And Amended Counterclaim To Second Amended Complaint*, is attached hereto.

In support of this motion to amend, Failsafe includes herein its Memorandum of Law:

**MEMORANDUM OF LAW**

Brandon filed its original complaint to this action on or about September 8, 2004 in the Superior Court of Massachusetts. Failsafe removed it to this Court on grounds of diversity on or about September 17, 2004. Brandon filed an amended complaint, and then a second amended complaint on December 3, 2004. Failsafe answered the second amended complaint, including its original Counterclaim within the time proscribed, and Brandon filed its answer to Failsafe's Counterclaim on or about January 19, 2005.

Subsequent to these initial filings – and despite a significant degree of initial antagonism between the parties (manifested in a flurry of motions filed in the late fall and a contested hearing before this Court in mid-December) – the parties engaged in serious efforts to try to resolve their differences without further interference of this Court. Accordingly, by agreement of the parties, this litigation was essentially stayed until just ten days ago when settlement negotiations effectively ended (on March 8, 2005, Brandon rejected Failsafe's settlement proposal and proffered a counter offer of its own; and on March 21, 2005, that offer was in turn rejected by Failsafe). Immediately thereafter, the parties prepared to exchange documents pursuant to their initial disclosure obligations. This motion is being filed on the same day that such documents are being exchanged.

Thus, as is apparent from the above, this motion has not been filed for the purpose of delay or with a dilatory motive, nor will there be any undue prejudice to the Plaintiff here by allowance of this motion because Brandon had been fully appraised during the

course of the settlement discussions that, if the parties returned to prosecuting their claims, Failsafe intended on seeking leave to join Mr. Flanagan.

Motions to amend "shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *Foman v. Davis*, 371 U.S. 178, 1182 (1962). The Supreme Court in *Foman* held that, "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded opportunity to test his claim on the merits." *Id.* at 182. It is respectfully submitted that Failsafe should be afforded an opportunity to have its claim on the merits tested with the additional Chapter 93A claim set forth herein.

Moreover, federal courts have allowed parties to assert claims against nonparties. *See F.D.I.C. v. Bathgate,* 27 F.3d 873-74 (3rd Cir. 1994) (allowing defendant's counterclaim to include new party pursuant to Rule 13(h)); *Various Markets, Inc. v. Chase Manhattan Bank*, 908 F. Supp. 459, 471 (E.D. Mich. 1995). Fed. R. Civ. P. 13(h) provides that, "Persons other than those made parties to the original action may be made parties to a counterclaim…in accordance with the provisions of Rules 19 and 20." And, Rule 20 provides that "All persons…may be joined in one action as defendants if there is asserted against them…any right to relief in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences and if any question of law or fact common to all defendants will arise in the action."

In this instance, the counterclaims that Failsafe proposes to assert against Flanagan arise out of the same transaction and facts as those previously asserted against Brandon. There is a common question of fact and law at issue here which, accordingly, permits Flanagan to be joined as an additional defendant-in-counterclaim pursuant to Rule 20. Moreover, the presence of Flanagan is required for the granting of complete

relief in the determination of Failsafe's Counterclaim, and this Court will not be deprived of jurisdiction by his presence.

WHEREFORE, for these aforementioned reasons, Failsafe moves this Court to grant it leave to amend its Counterclaim and file the attached *Answer And Amended Counterclaim To Second Amended Complaint*.

> DEFENDANT,
> *Failsafe Air Safety Systems Corp*.
> By its attorneys,
>
> *s/Laurie M. Ruskin*
> _____
> Laurie M. Ruskin, *Of Counsel*, BBO# 630374
> SWEDER & ROSS LLP
> 21 Custom House Street, Suite 300
> Boston, MA 02110
> (617) 646-4466

Dated:  March 31, 2005

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each of the other parties in this action by U.S. mail (and e-mail) this 31st day of March, 2005.

*s/Laurie M. Ruskin*
_____
Laurie M. Ruskin