**United States District Court**

**District of Massachusetts**

**Central Division**

BRANDON ASSOCIATES, LLC, )
    Plaintiff )
  )
V. )   C.A. No. 04-12013-NMG
  )
FAILSAFE SAFTEY SYTEMS CORP., )
  )
    Defendant )
  )
  )
  )

<u>**PLAINTIFF'S MEMORANDUM IN SUPPORT OF ITS OBJECTION TO DEFENDANT'S MOTION TO AMEND COUNTERCLAIM AND JOIN PARTY**</u>

*A. This is a Contact Dispute between two businesses, not between individuals.*

Plaintiff Brandon Associates, LLC hereby objects to the motion of Defendant Failsafe Air Safety Systems, Corporation to amend its Counter-Claim and join a new party, namely the Plaintiff's President in his individual capacity. The untimely motion if granted would fail to state viable causes of action and would be unduly prejudicial to the Plaintiff. Moreover, the proffered new claims are conjectural, frivolous and without any evidentiary support.

Although Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend should be freely given when justice so requires, justice in this case requires that leave ***not*** be granted. Defendants seek to add the President of Plaintiff Brandon Associates, LLC as a defendant in his personal and individual capacity. This is a contract dispute between two duly registered business organizations. It is not a duel between CEO's. Allowing Failsafe to personally sue Mr. Flanagan is a legally impermissible subterfuge to avoid liability on a contract claim. Amendment would eviscerate Massachusetts and New York corporate law as applied to the two present parties.

*B. The proposed Amendment fails to state a cause of action upon which relief can be granted.*

As the Defendant concedes, it employed this threat of naming Mr. Flanagan individually for leverage in prior settlement discussions to no avail. The underlying facts or circumstances relied on by Failsafe do not constitute a proper subject of relief. The allegations simply do not state a cause of action. Mr. Flanagan's only sin was to suggest ways to help Failsafe improve its struggling finances. This overture had no effect on or connection to the performance of Brandon Associates, LLC pursuant to its contractual obligations to Failsafe, which were fully met and successful. The entire claim against Mr. Flanagan, which is based on undisclosed belief, speculation and conjecture, cannot as a matter of logic or law constitute a viable cause of action. It fails to allege the requisite elements of an unfair and deceptive act or practice under chapter 93A of the Massachusetts General Laws or the necessary elements of intentional interference with a contractual relationship.

Under M.G.L. ch. 93A the *prima facie* case requires that the defendant be engaged in trade or commerce. The amended counterclaim does not establish that Mr. Flanagan acted outside his role as President of Brandon Associates, LLC. He was not individually in privity with Failsafe. Thus, this threshold jurisdictional requirement has not been met. GILLERAN, The Law of Chapter 93A §§ 2.1, 4.1 (1989 supp. 1999)

Additionally, the 93A claim must allege an unfair or deceptive practice that rises to a level of "rascality that would raise an eyebrow of someone inured to the rough and tumble of the world of commerce." Levings v. Forbes & Wallace Inc., 396 N.E. 2d 149, 153 (Mass. App. 1979). Here, Mr. Flanagan tried to help Failsafe with financing because he believed in the company. He offered to invest because he supported Failsafe and wanted it to succeed. After being rebuffed, he took no action adverse to Failsafe. In fact, Failsafe won the Massachusetts contract Brandon Associates, LLC lobbied for on its behalf and continues to enjoy that relationship with the Commonwealth. There is no rascality, no harm and no colorable claim under 93A.

As to the intentional interference with contractual relations, the Supreme Judicial Court of Massachusetts has held that "a claim of tort liability for intentional interference with contractual or other economic relations is made out when interference resulting in injury to another is wrongful by some measure beyond the fact of interference itself. Defendant's liability may arise from improper motive or improper means." United Truck Leasing Corp. v. Geltman, 551 N.E. 2d. 20, 23 (Mass. 1990). In the case at bar, there is no injury and no impropriety. See also, Hanna Paper Recycling, Inc. v. ZBR Publications, Inc., 1 Mass. L. Rep. 587, 1994 Mass Super. LEXIS 456 (summary judgment granted on intentional interference and 93A claims where the defendant provided economic incentives and had no motive to injure the plaintiff).

Assuming, *arguendo*, that the fears and beliefs that Failsafe has articulated in paragraphs 69-83 of the proposed Amended Counter-Claim are proven, Failsafe is still not entitled to relief. It has suffered **no damages**. The subject contract with the Commonwealth of Massachusetts is underway. See paragraph 84 of the proposed Amended Counter-Claim. This is the contract that was secured through the lobbying efforts of Brandon Associates, LLC. Since there is no impairment of this contract there is no basis for *any* of the counts in the counter-claim. There is no harm.

*C. Plaintiff will be unfairly prejudiced.*

Plaintiff Brandon Associates, LLC is prejudiced by this transparent gambit by Failsafe to dodge its contractual obligations. Brandon will incur additional costs defending Mr. Flanagan personally as well as the defense of the baseless Counter-Claim counts against it. The allegations in the amended complaint, if allowed, could create a potential conflict of interest between Brandon Associates, LLC and Mr. Flanagan requiring engagement of additional counsel to represent Mr. Flanagan whose costs would be indemnified by the LLC. A conflict could also impair Brandon Associates, LLC's ability to defend itself as Mr. Flanagan is the individual most knowledgeable about the Failsafe claims. Additionally, the Court has already established a case schedule that did not contemplate an action against Mr. Flanagan and the additional discovery

and motions that would be necessary. Instead of narrowing the scope of this litigation amendment will unnecessarily and improperly expand the proceedings into a personal vendetta against Mr. Flanagan based on paranoid suppositions by Failsafe.

Brandon Associates, LLC will also be prejudiced by the damage these proposed claims will do to the reputation of this lobbying firm. As its principal officer, Mr. Flanagan's integrity and success are central to its business. This late-hour amendment is aimed directly at that reputation. Without any proof whatsoever, Failsafe attempts to inflict harm to Brandon Associates, LLC whose ability to generate and sustain business will be adversely affected if the Court gives its imprimatur to the false allegations by allowing them to be included in the suit at this late stage.

*D. The Amendment Motion is untimely.*

This attempted amendment of the Defendant's Counter-Claim is also untimely. This action was moved to Federal Court from Suffolk Superior Court in September of 2004. Despite an intense flurry of motions and activity in this case since it reached the Federal Court, the Defendant chose this time to formally assert claims against Mr. Flanagan for the first time. There is no newly discovered evidence or developments to support Failsafe's speculative theories. If Failsafe had a good faith belief in these claims against Mr. Flanagan, the allegations should have been made earlier in the proceedings before the parties agreed on a proposed discovery schedule. It is clear that the timing of this motion is designed to intimidate Brandon Associates, LLC and harass Mr. Flanagan. The court should not countenance such improper scare tactics.

## CONCLUSION

Based on the foregoing, Plaintiff Brandon Associates, LLC respectfully requests that the Motion of Defendant Failsafe Safety Systems Corporation to Amend its Counterclaim and Join a new party be denied and dismissed, and that Plaintiff be awarded its reasonable attorneys' fees and costs in opposing this motion.

Brandon Associates, LLC
By and through its attorney,

_/s/ Harris K. Weiner_
Harris K. Weiner, Esq. (#551981)
Law Office of Jeffrey B. Pine, Esq. PC
321 South Main St., Ste 302
Providence, RI  02903
401/351-8200 – Telephone
401/351-9032 – Facsimile

## CERTIFICATION

I, the undersigned, hereby certify that on this ___8th___ day of April 2005, I mailed a true copy of the foregoing *Plaintiffs Objection to Defendant's Motion to Amend Counterclaim and Join Party* to Kenneth Sweder, Esq. and Laurie M. Ruskin, Esq., Sweder & Ross, LLP 21 Custom House Street Suite 300, Boston, MA 02110.

_/s/ Leslie Luciano_
Leslie A. Luciano