UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CA #: 04-12013NMG

BRANDON ASSOCIATES, LLC,
      Plaintiff,

v.

FAILSAFE AIR SAFETY SYSTEMS, CORP.,
BLUE SAGE CONSULTING, INC.,
ELCON MEDICAL, DEBRA ESPE, and
ALAN FEURSTEIN,
      Defendants.
_____/

## MOTION FOR RECONSIDERATION

Blue Sage Consulting, Inc. (hereinafter, "Blue Sage"), through Counsel, moves this Honorable Court to Reconsider its decision to Deny Blue Sage's Motion for Attorney Fees and Costs.

In support of its Motion, Blue Sage states the following:

1)    The denial of the Motion, based upon the fact that there is no basis for awarding Attorney Fees and Costs fails to consider the fact that there had been an early involvement in the action by Blue Sage, necessitating the review of hundreds of pages of pleadings and documents prior to the Amended Complaint being filed against Blue Sage;

2)    The denial of the Motion fails to contemplate the numerous conversations between Counsel for Blue Sage, and then-counsel for Brandon Associates, LLC, Stacy Silvieria, Esquire, relating to the likelihood of dismissal pursuant to Rule 12(b) because Diversity of Citizenship, the sole basis for the Complaint, had been destroyed;

3)  The denial of the Motion fails to contemplate that the insistence of the addition of Blue Sage rises to a level of the violation of Rule 11, and further, ignores that Rule 11 is a basis for an award of sanctions, such as attorney fees and costs;

4)  Brandon Associates, LLC's assertion that Blue Sage did not "prevail procedurally" ignores the fact that the prior to the December 9th, 2004 hearing, Brandon intended to oppose the 12(b) motion of Blue Sage, and it was only after the entry of successor counsel that Brandon withdrew the Amended Complaint, which named the individual shareholders of Failsafe Air Safety Systems, Corp.;

5)  At hearing on December 9th, 2004, counsel for Blue Sage provided an affidavit of legal services rendered, along with an expression of the volume of materials that had to be reviewed prior to the hearing, as well as the legal basis for the award of Attorney Fees and Costs, exclusive of a Rule 11 remedy, specifically that the addition of Blue Sage was made in bad faith, with the full knowledge that adding Blue Sage would destroy diversity and prevent this Honorable Court from exercising jurisdiction over the instant action;

6)  Counsel for Blue Sage also attaches and incorporates by reference the Affidavit of Counsel and a detailed statement of legal services rendered to Blue Sage in the instant action.

WHEREFORE, Blue Sage respectfully requests that this Honorable Court grant its Motion for Reconsideration relative to the Decision Denying its Motion for Attorney Fees and Costs.

_____
Robert N. Wilson, Jr., Esquire
BBO #: 558374
46 Washington Street
P.O. Box 633
Ayer, MA 01432-0633
(978) 772-9014
atty@wilsonatlaw.com

Dated: July 25, 2005

## Certificate of Service

I, Robert N. Wilson, Jr., Esq., certify that on the 25th of July, 2005, I served a copy of the foregoing Motion for Reconsideration upon all parties via Regular US Mail.

I further certify that I am over the age of eighteen (18) and not a party to this action.

_____
Robert N. Wilson, Jr.