UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRANDON ASSOCIATES, LLC,<br>        *Plaintiff,*<br><br>v.<br><br>FAILSAFE AIR SAFETY SYSTEMS CORP.,<br>        *Defendant/Plaintiff-in-Counterclaim*<br><br>v.<br><br>DONALD B. FLANAGAN, in this individual capacity,<br>        *Defendant-in-Counterclaim* | Civil Action No. 04-12013 NMG |

**MOTION FOR SANCTIONS**

The Defendant, *Failsafe Air Safety Systems Corp.* ("Failsafe"), respectfully asks this Court to impose sanctions against Plaintiff, *Brandon Associates, Inc*. ("Brandon"), on the grounds that Brandon's misconduct and bad faith in prosecuting this action – both procedurally (resulting in a number of violations of the Federal Rules of Civil Procedure) and substantively – not only unjustly prejudiced Failsafe's ability to defend itself, but also resulted in unnecessary and costly abuse of Failsafe's time and efforts. Accordingly, Failsafe asks that its reasonable attorneys' fees and costs (totaling $16,697.20) be reimbursed and additional sanctions imposed as justice so requires.

In support of this motion, Failsafe includes herein its Memorandum of Law and attaches the affidavit of its Counsel (*see Affidavit of Laurie M. Ruskin, Esq. in Support of Failsafe's Motion for Sanctions*, dated August 3, 2005, attached hereto):

**MEMORANDUM OF LAW**

Brandon filed its original complaint to this action on or about September 8, 2004 in the Superior Court of Massachusetts. Failsafe removed it to this Court on grounds of diversity on or about September 17, 2004. Over the course of the initial few months of this litigation – before it finally retained outside counsel to represent it – Brandon relied exclusively on its legally inexperienced in-house counsel to prosecute this action on its behalf, and who did so in a reckless, incompetent and highly aggressive fashion, resulting in:

- The filing by Brandon of a host of pleadings which were either highly improper, unnecessary and/or simply harassing;

- The filing by Brandon of a complaint and amended complaint which were filled with frivolous and unsubstantiated allegations – or no allegations at all – and which were not advanced with the requisite good faith;

- The filing of a complaint which impermissibly added a defendant for the purpose of defeating diversity;

- The impermissible filing by Brandon of documents which had been deemed confidential and which contained certain proprietary information belonging to Failsafe; and

- Engaging in a pattern of conduct which often simply ignored the Rules of Civil Procedure such as failing to effectuate proper service of a complaint, failing to properly serve a motion, filing a motion to amend a complaint when one was not necessary, not following the time standards for the

filing of various pleadings, and not adhering to the heightened pleading standards of Rule 9(b) for the filing of claims of fraud.

Most telling is the fact that when Brandon finally retained an experienced outside litigator to represent it, soon thereafter – on its own initiative – it acknowledged that its grievance with Failsafe was only contractual in nature and dropped all but its contract claim.

Unfortunately, however, Brandon's belated effort to engage in good faith litigation came only after Failsafe had sustained months of frivolous litigation which was needlessly complicated by its inexperienced in-house counsel. Consequently, Failsafe was forced to unnecessarily expend hours of time and effort in order to properly defend itself and protect its interests. All of this conduct proved to be time consuming and costly and warrants the imposition of sanctions. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51, 111 S. Ct. 2123, 2135-36 (1991) (holding that a U.S. District Court acted within its discretion and properly invoked its inherent power in assessing attorney's fees and related expenses as a sanction for plaintiff's bad-faith conduct during the course of litigation); *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-60, 95 S. Ct. 1612, 1622-23 (1975) (holding that federal courts are permitted to exercise their inherent power to assess sanctions when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons).

Brandon's abuse and harassment of Failsafe is more fully elaborated as follows:

- *Failsafe expended time and resources responding to complaints that contained claims which were frivolous and, in fact, eventually dropped*: Although, as even Brandon's outside counsel eventually acknowledged, this is primarily a contract

claim on Brandon's part, its original complaint, plus its amended complaint, were filled with a number of extraneous and clearly meritless claims – including libel, fraud (ignoring the heightened pleading requirement of Rule 9(b)), and misrepresentation – against which Failsafe was forced to defend. That these "extra" claims were indeed extraneous and unnecessary is evidenced by the fact that Brandon eventually dropped them on its own initiative (in its Second Amended Complaint) once it retained outside counsel.

- *Brandon added defendants against whom no substantive allegations were made – for the sole purpose of defeating diversity – and, then, eventually dropped them:* Brandon filed an amended complaint which added four new defendants, including Failsafe's corporate counsel. However, Brandon asserted not a single material allegation against any of them. The only "facts" alleged by Brandon against these added defendants were that they held an interest in Failsafe and that some of them were members of Failsafe's Board of Directors. Brandon did not even attempt to connect the newly added defendants to *any* of the misconduct in which it claims Failsafe engaged. There were simply no allegations, no claims, no facts, no evidentiary support of any kind asserted which even remotely justified their inclusion as defendants. Moreover, as one of the added defendants was a Massachusetts corporation, it was clear that the only reason the party was included was to introduce a Massachusetts defendant which would defeat diversity.

- *Brandon attached proprietary and confidential material to its complaints*: In an effort to support some of the extraneous claims contained in its various complaints (and later dropped), Brandon attached materials belonging to Failsafe that were clearly

4

marked as proprietary and confidential. In response to Failsafe's objection to this breach, Brandon filed a motion seeking the Court's permission to redact certain portions of these materials. This attempt was a misguided effort on the part of Brandon to cure the damage it caused when it attached these confidential documents to its public filings. The effort to redact was both nonsensical and wholly insufficient because Brandon failed to redact the appropriate parts and, whatever it did, was simply too little, too late. Of course, once again, faced with a motion which only exacerbated the damage done by Brandon by disclosing Failsafe's confidential materials, Failsafe was compelled to waste more time and effort in drafting and filing a response. Moreover, even aside from the pleadings that were filed, the fact remains that sanctions should be imposed on Brandon for attaching, and thus publicly disclosing, confidential material.

- *Failsafe expended time and resources responding to pleadings that were procedurally unnecessary and improperly served*: This litigation was made needlessly complicated by the filing of unnecessary pleadings and a fundamental lack of understanding of the Rules of Civil Procedure governing the filing and service of these pleadings – all of which caused Failsafe to waste its time and efforts in order to respond so as to protect its interests and defend itself. Some examples of such conduct include the following:

- *Brandon filed an unnecessary motion to amend and improperly served it causing Failsafe to file a motion to strike.* Brandon filed a motion to amend its original complaint on or about September 24, 2004, even though such a motion was not necessary at that stage of the litigation, *i.e.*, given that Brandon sought to amend its complaint prior to being served with Failsafe's Answer, it could do so, pursuant to Rule 15, as a matter of

5

right (as the rule states, "A party may amend the party's pleading once as a matter of course…before a responsive pleading is served…").[1]  Complicating the matter even further, however, Brandon served its Motion to Amend (along with the Amended Complaint) by Sheriff –which resulted in additional delays that kept Failsafe from receiving service of the Motion to Amend, but which Failsafe knew about from other defendants and had to respond to in order to protect its interests.  Thus, Failsafe filed a motion to strike.  Failsafe had to respond in order to go on record with its objection to the additional claims contained in the proposed Amended Complaint, even though it had not yet received the motion.  As a result, Failsafe was obligated to expend time and resources to respond to an unnecessary pleading which had not yet been served upon it.  Only after Failsafe filed and served its own motion/response, did it finally receive the delayed pleadings.

- *Brandon's disingenuous response to Failsafe's motion to strike forced Failsafe to again expend time and resources in response.*  Brandon's response to Failsafe's motion to strike was so egregious that Failsafe felt compelled, once again, to respond.  In an attempt to further confuse the issue, Brandon argued that its Motion to Amend was not really a motion at all.  *See Plaintiff's Response To Defendant's Motion To Strike And For Sanctions*, dated October 18, 2004.  Instead, it said that it amended its complaint as "a matter of course," and to underscore its revisionism, Brandon inexplicably re-served the Amended Complaint.

---

[1] *See Motion To Amend The Verified Complaint And Action To Reach And Apply*, dated September 23, 2004, filed September 24, 2004 ("Motion to Amend); and *Amended Verified Complaint And Action To Reach And Apply*, dated September 23, 2004, filed September 24, 2004 ("Amended Complaint").

6

- *Brandon failed to effect proper service for its amended complaint*: The Amended Complaint sought to add four new defendants and several new causes of action. One of the proposed new defendants was Failsafe's corporate counsel, Alan Feuerstein, Esq. of Buffalo, New York. Attorney Feuerstein, whose defense Failsafe assumed, was served with a Summons made out to one of the *other* defendants. Thus, Plaintiff failed to properly effect service of process on at least one of the added defendants (and no request was made to waive service). Moreover, the Amended Complaint which was also served on Attorney Feuerstein (and, initially, the only copy of the new complaint that Failsafe had an opportunity to review) was missing all of the attached exhibits (curiously referenced in the Amended Complaint as Exhibits A, B, C, G, H, D).

- *Brandon's conduct caused Failsafe to needlessly answer both the original Complaint and the Amended Complaint, to file a motion for default, and respond to still another motion by Brandon:* During the time period described above, an answer to Brandon's original Complaint became due. Again, Failsafe responded (by filing its Answer and Counterclaims to the original Complaint) to protect its interests. Brandon thereafter ignored the time standards provided in the Rules for Civil Procedure for responding to Failsafe's Counterclaims, to which Failsafe filed a motion for default. Brandon essentially responded with a motion for leave to respond to the Counterclaim, which again, caused Failsafe to proffer a response to protect its interests. All of this again proved unnecessary as Failsafe was eventually served with Brandon's Amended Complaint, which required still another answer.

- *Whether Brandon's conduct was intentional or a result of attorney inexperience, the fact that Failsafe was prejudiced by such conduct is sufficient to*

7

*warrant sanctions:* The fact remains that Brandon woefully failed to properly prosecute this action, at Failsafe's expense. Brandon's in-house counsel had virtually no civil litigation experience. However, even inexperience should not absolve an attorney from carrying out his or her obligations – and it should not absolve a party from sanctions – when a party's attorney has blatantly failed to follow even the most basic rules of civil procedure and failed to follow the most basic rules of pleading (by failing to include *any* allegations at all about *any* misconduct by the individual shareholders of Failsafe).

In all, Brandon's conduct in the early stages of this litigation – and especially with respect to its Motion to Amend and Amended Complaint – showed bad faith in that it was nothing more than a transparent effort to annoy and harass. Its conduct forced Failsafe to expend needless time and resources in order to protect its interests and for which it now deserves to be compensated. The total amount of attorney fees and costs incurred by Failsafe for Brandon's conduct is $16,697.20. *See Affidavit of Laurie M. Ruskin, Esq. in Support of Failsafe's Motion for Sanctions*, dated August 3, 2005, attached hereto.

WHEREFORE, for these aforementioned reasons, Failsafe moves this Court to impose sanctions upon Brandon by awarding Failsafe its reasonable attorneys fees and costs in the amount of $16,697.20 and any additional sanctions justice so requires.

DEFENDANT,
*Failsafe Air Safety Systems Corp.*
By its attorneys,

*s/Laurie M. Ruskin*
_____
Laurie M. Ruskin, *Of Counsel*, BBO# 630374
SWEDER & ROSS LLP
21 Custom House Street, Suite 300
Boston, MA 02110
(617) 646-4466

Dated: August 3, 2005

8

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served upon the attorney of record for each of the other parties in this action by U.S. mail this 3rd day of August, 2005.

*s/Laurie M. Ruskin*
_____
Laurie M. Ruskin