**United States District Court**

**District of Massachusetts**

| | |
|---|---|
| BRANDON ASSOCIATES, LLC, | ) |
|   Plaintiff and Defendant in Counterclaim | ) |
| | ) |
| V. | )    **C.A. No. 04-12013-NMG** |
| | ) |
| FAILSAFE SAFETY SYTEMS CORP., | ) |
|   Defendant/Plaintiff in Counterclaim | ) |
| | ) |
| V. DONALD B. FLANAGAN in his | ) |
| individual capacity, | ) |
| Defendant in Counterclaim | |

**REPLY OF COUNTERCLAIM DEFENDANTS BRANDON ASSOCIATES,
LLC and DONALD B. FLANAGAN TO DEFENDANT'S AMENDED
COUNTERCLAIM**

Now come Plaintiff Brandon Associates, LLC, Plaintiff and Counterclaim/Defendant
("Brandon") and Counterclaim Defendant Donald B. Flanagan ("Flanagan") in the
above-referenced action to respond as follows to the allegations in the Amended
Counterclaim of Defendant/Counterclaimant Failsafe Safety Systems Corp. ("Failsafe").

1. The allegations contained in paragraph 1 require no response.

2. The allegations contained in paragraph 2 require no response.

3. The allegations contained in paragraph 3 require no response.

4. The allegations contained in paragraph 4 require no response.

5.  The allegations contained in paragraph 5 require no response.

6.  The allegations contained in paragraph 6 require no response.

7.  The allegations contained in paragraph 7 require no response.

8.  The allegations contained in paragraph 8 require no response.

9.  The allegations contained in paragraph 9 require no response.

10. The allegations contained in paragraph 10 require no response.

11. The allegations contained in paragraph 11 require no response.

12. The allegations contained in paragraph 12 require no response.

13. The allegations contained in paragraph 13 require no response.

14. The allegations contained in paragraph 14 require no response.

15. The allegations contained in paragraph 15 require no response.

16. The allegations contained in paragraph 16 require no response.

17. The allegations contained in paragraph 17 require no response.

18. The allegations contained in paragraph 18 require no response.

19. The allegations contained in paragraph 19 require no response.

20. The allegations contained in paragraph 20 require no response.

21. The allegations contained in paragraph 21 require no response.

22. The allegations contained in paragraph 22 require no response.

23. The allegations contained in paragraph 23 require no response.

24. The allegations contained in paragraph 24 require no response.

25. The allegations contained in paragraph 25 require no response.

26. The allegations contained in paragraph 26 require no response.

27. The allegations contained in paragraph 27 require no response.

28. The allegations contained in paragraph 28 require no response.

29. The allegations contained in paragraph 29 require no response.

30. The allegations contained in paragraph 30 require no response.

31. The allegations contained in paragraph 31 require no response.

32. The allegations contained in paragraph 32 require no response.

33. The allegations contained in paragraph 33 require no response.

34. The allegations contained in paragraph 34 require no response.

35. The allegations contained in paragraph 35 require no response.

36. The allegations contained in paragraph 36 are denied.

37. The allegations contained in paragraph 37 are denied.

38. The allegations contained in paragraph 38 are denied.

39. The allegations contained in paragraph 39 are denied.

40. The allegations contained in paragraph 40 are denied.

41. The allegations contained in paragraph 41 are denied.

42. The allegations contained in paragraph 42 are denied.

43. The allegations contained in paragraph 43 are denied.

44. The allegations in paragraph 44 require no response.

45. Counterclaim Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 45 and put Counterclaimant Failsafe to its proof.

46. The allegations contained in paragraph 46 are admitted.

47. The allegations contained in paragraph 47 are admitted.

48. Counterclaim Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 48 and put Counterclaimant Failsafe to its proof.

49. Counterclaim Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 49 and put Counterclaimant Failsafe to its proof.

50. Counterclaim Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 50 and put Counterclaimant Failsafe to its proof.

51. Upon information and belief, Counterclaim Defendants admit the allegations contained in paragraph 51 of the Counterclaim.

52. The allegations contained in paragraph 52 are admitted insofar as Brandon was and is a registered lobbyist in the Commonwealth of Massachusetts with government contacts in the areas related to Failsafe's business. The remaining allegations and characterizations contained in paragraph 52 of the Counterclaim are denied.

53. Denied that Flanagan or Brandon made any warranties. Admitted as to the remaining allegations contained in paragraph 53.

54. Denied that Brandon made any warranties. Admitted as to the remaining allegations contained in paragraph 54.

55. Denied that Flanagan or Brandon made any warranties and denied as to the remaining allegations contained in paragraph 55 of the Amended Counterclaim.

56. Counterclaim Defendants deny the allegations contained in paragraph 56 of the Amended Counterclaim.

57. The allegations contained in paragraph 57 are denied.

58. Counterclaim Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 58 and put Counterclaimant Failsafe to its proof.

59. The allegations contained in paragraph 59 are denied.

60. The allegations contained in paragraph 60 are denied.

61. The allegations contained in paragraph 61 are denied.

62. The allegations contained in paragraph 62 are denied.

63. The allegations contained in paragraph 63 are denied.

64. The allegations contained in paragraph 64 are denied.

65. The allegations contained in paragraph 66 are denied.

66. The allegations contained in paragraph 66 are denied.

67. The allegations contained in paragraph 67 are denied.

68. The allegations contained in paragraph 68 are denied except insofar as Counterclaimant Failsafe made partial payments of $95,000 on the contract. Denied as to the remaining allegations contained in paragraph 68.

69. The allegations contained in paragraph 69 are denied.

70. The allegations contained in paragraph 70 are denied.

71. The allegations contained in paragraph 71 are denied.

72. The allegations contained in paragraph 72 are denied.

73. The allegations contained in paragraph 73 are denied.

74. The allegations contained in paragraph 74 are denied.

75. Admitted insofar as Brandon and Flanagan are aware of the lobbying laws and regulations of the Commonwealth of Massachusetts. The remaining allegations contained in paragraph 75 call for a legal conclusion and are denied on that basis.

76. The allegations contained in paragraph 76 are denied.

77. The allegations contained in paragraph 77 are denied.

78. The allegations contained in paragraph 78 are denied.

79. The allegations contained in paragraph 79 are denied.

80. The allegations contained in paragraph 80 are denied.

81. The allegations contained in paragraph 81 are denied.

82. The allegations contained in paragraph 82 are denied.

83. The allegations contained in paragraph 83 are denied.

84. Counterclaim Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 84 and put Counterclaimant Failsafe to its proof.

85. The allegations in paragraph 85 require no response.

86. The allegations contained in paragraph 86 are denied.

87. The allegations contained in paragraph 87 are denied.

88. The allegations in paragraph 88 require no response.

89. The allegations contained in paragraph 89 are denied.

90. The allegations contained in paragraph 90 are denied.

91. The allegations contained in paragraph 91 are denied.

92. The allegations contained in paragraph 92 are denied.

93. The allegations in paragraph 93 require no response.

94. The allegations contained in paragraph 94 are denied.

95. Counterclaim Defendants lack sufficient knowledge to admit or deny the allegations contained in paragraph 95 and put Counterclaimant Failsafe to its proof.

96. The allegations contained in paragraph 96 are denied.

97. The allegations contained in paragraph 97 are denied.

98. The allegations in paragraph 98 require no response.

99. Brandon admits that pursuant to its contract with Failsafe it had a duty of good faith to Failsafe that existed until Failsafe breached. The remaining allegations contained in paragraph 99 are denied.

100. The allegations contained in paragraph 100 are denied.

101. The allegations contained in paragraph 101 are denied.

102. The allegations contained in paragraph 102 are denied.

103. The allegations in paragraph 103 require no response.

104. The allegations contained in paragraph 104 are denied.

105. The allegations contained in paragraph 105 are denied.

106. The allegations contained in paragraph 106 are denied.

107. The allegations in paragraph 107 require no response.

108. The allegations contained in paragraph 108 are denied.

109. The allegations contained in paragraph 109 are denied.

110. The allegations contained in paragraph 110 are denied.

111. The allegations contained in paragraph 111 are denied.

112. The allegations contained in paragraph 112 are denied.

113. The allegations in paragraph 113 require no response.

114. Counterclaim Defendants admit the allegations contained in paragraph 114 as to

Brandon. The remaining allegations contained in paragraph 116 are denied by

Flanagan.

115. The allegations contained in paragraph 115 are denied.

116. The allegations contained in paragraph 116 are denied.

117. The allegations contained in paragraph 117 are denied.

118. The allegations contained in paragraph 118 require no response.

119. The allegations contained in paragraph 119 are denied.

120. The allegations contained in paragraph 120 are denied.

121. The allegations contained in paragraph 121 are denied.


WHEREFORE, Brandon and Flanagan demand that Failsafe's Amended Counterclaim be

denied and dismissed in its entirety and that Brandon and Flanagan be awarded their costs

in defending this Amended Counterclaim including attorneys' fees, interest and the cost

of these proceedings.

## TRIAL BY JURY

Brandon and Flanagan hereby demand a trial by jury of all issues so triable related to

Brandon's claims and Failsafe's Counterclaims.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe has failed to state a claim upon which relief can

be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe breached the agreements between the parties.

### THIRD AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Amended Counterclaim is barred by the

Doctrine of Unclean Hands.

### FOURTH AFFIRMATIVE DEFENSE

Defendant Counterclaimant Failsafe's Amended Counterclaim is barred because

Plaintiff Brandon performed as agreed.

### FIFTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's request for punitive damages is barred by the

Fifth and Fourteenth Amendments of the United States Constitution.

### SIXTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Amended Counterclaim is barred by the

Doctrine of Estoppel.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Amended Counterclaim is barred by the

Doctrine of Waiver.

### EIGHTH AFFIRMATIVE DEFENSE

If Defendant-Counterclaimant Failsafe suffered damages they were caused by third parties over whom Plaintiff Counterclaim-Defendant Brandon and Counterclaim Defendant Flanagan had no control.

### NINTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Amended Counterclaim is barred for failure of consideration.

### TENTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Amended Counterclaim is barred by the Doctrine of Laches.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Amended Counterclaim is a proffered defense and not a Counterclaim.

### TWELFTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Amended Counterclaim against Flanagan fails under the Doctrine of Respondeat Superior.

### THIRTEENTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Amended Counterclaim is barred under the Massachusetts Corporations Act and Massachusetts corporate law.

### FOURTEENTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Amended Counterclaim against Flanagan is barred by the Doctrine of Laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

Defendant-Counterclaimant Failsafe's Amended Counterclaim against Flanagan is barred by the Doctrine of Waiver,

> Counterclaim Defendants
> Brandon Associates, LLC and
> Donald B. Flanagan,
> By and through their attorney,

Harris K. Weiner, Esq. (#551981)
Law Office of Jeffrey B. Pine, Esq. PC
321 South Main St., Ste 302
Providence, RI 02903
401/351-8200 – Telephone
401/351-9032 – Facsimile

## **CERTIFICATION**

I, the undersigned, hereby certify that on this ___|___ day of August 2005, I mailed a true copy of the foregoing *s Reply of Counterclaim Defendants Brandon Associates, LLC and Donald B. Flanagan to Defendant's Amended Counterclaim* to Laurie M. Ruskin, Esq., Sweder & Ross, LLP 21 Custom House Street Suite 300, Boston, MA 02110.

Leslie A. Luciano