United States District Court

District of Massachusetts

BRANDON ASSOCIATES, LLC,            )
   Plaintiff and Defendant in Counterclaim  )
                                     )
V.                                  )   C.A. No. 04-12013-NMG
                                     )
FAILSAFE SAFETY SYTEMS CORP.,       )
   Defendant/Plaintiff in Counterclaim   )
                                   )
V. DONALD B. FLANAGAN in his        )
individual capacity,                )
Defendant in Counterclaim

## OBJECTION OF PLAINTIFF BRANDON ASSOCIATES, LLC TO MOTION FOR SANCTIONS

Now comes Plaintiff Brandon Associates, LLC ("Brandon"), to object to Failsafe Safety Systems Corp.'s ("Failsafe") Motion for Sanctions. The gravamen of Brandon's action against Failsafe has always sounded in breach of contract. Failsafe owes Brandon in excess of $160,000 for services agreed to, rendered and not paid for. To avoid payment of this contractual obligation, Failsafe engaged in a strategy of obfuscation and procedural gamesmanship designed to overwhelm and intimidate Brandon's inexperienced in-house counsel. Failsafe succeeded. Brandon replaced in-house counsel with more experienced outside counsel and voluntarily streamlined its case. It is inappropriate to sanction such a commendable narrowing of the issues. See Pathe Computer Control Sys. Corp. v. Kinmont Indus., 955 F. 2d 94, 98-99 (1st Cir. 1992) (reversing sanctions award because

Plaintiff withdrew mertiless claim). Here, the withdrawn claims were objectively viable until further facts developed.

Failsafe mischaracterizes the actions of Brandon's in-house counsel. There was no bad faith, vexatious actions, wanton behavior, or oppressive motives. See Failsafe's Motion for Sanction at p.3. As Failsafe readily and repeatedly concedes, Brandon's in-house counsel was too legally inexperienced to abuse and harass Failsafe and its seasoned counsel. Id. at pp. 2, 7. In fact, removal of this action to federal court and the subsequent flurry of motions by Failsafe suggests that Failsafe exploited the procedural and practical inexperience of Brandon's in-house counsel to take the parties' eyes off the contractual ball at the heart of this dispute and to increase legal costs to Brandon.

Brandon's in-house counsel was diligent in her pre-filing factual inquires which meet the objective standard set forth in Navarro-Ayala v. Nunez, 968 F. 2d 1421, 1425 (1st Cir. 1992). She conducted interviews with the client's personnel and reviewed well over 1,000 pages of pertinent records which have been produced in the course of discovery. The records presented a complex fact pattern and circumstances. Under Navarro-Ayala, this warrants greater leniency by the Court. Id. at 1425.

Two experienced litigation attorneys would have avoided the unnecessary motions filed in this action including motions to amend, to strike, to bar answers, to dismiss and to assess sanctions. Apparently both parties violated the spirit of the mandate that litigants confer before filing motions in this Court. These conferences are not intended as an

opportunity to threaten but rather an opening for conciliatory discourse. This did not happen here because the parties - both parties -- apparently failed to meaningfully and civilly communicate as envisioned by the Local Rules. Fortunately, current opposing counsel are communicating well.

Brandon's in-house counsel was zealously representing her client as best she could. Causes of action were alleged predicated on good faith information and belief. All potential claims were explored. The allegations, which were initially pled somewhat inartfully, were narrowed upon further inquiry during the early stages of the litigation based on the information supplied by the other parties. In-house counsel did not add Massachusetts Defendant Blue Sage Consulting, Inc. as a defendant to defeat jurisdiction. Blue Sage was sued because, upon information and belief, it had interlocking ownership with Failsafe, acted as its agent and was involved in the contract formation and breach between Brandon and Failsafe. As Brandon argued to this Court in December of 2004, the purpose of suing Blue Sage was not to defeat diversity but to assert a legitimate cause of action. Moreover, Failsafe has suffered no harm through inadvertent disclosures which were quickly retracted. Further, there is no basis to find that Brandon filed any pleadings for improper purposes. See Lancellotti v. Fay, 909 F. 2d 15, 19 (1st Cir. 1990).

The timing of the present motion for sanctions is curious. The parties are approaching a court-mandated mediation which presents a great opportunity to resolve this entire matter. This play for substantial and excessive sanctions, however, undermines the

essentially voluntary mediation process and the mutual good faith that is required to make such proceedings work. Again, it appears that Failsafe is merely trying creatively to offset money it owes to Brandon per contract. The threat of sanctions should not be used as a bargaining chip.

The granting of sanctions is equitable in nature and requires that the moving party not have unclean hands. Here, that is not the case. The escalation of the early stage of this litigation was caused by Failsafe and responded to by Brandon. This escalation appears to have been part of a strategy to gain leverage over Brandon by outmaneuvering and outlawyering Brandon's young counsel and increasing Brandon's costs. Failsafe chose this aggressive litigation style and must bear its consequences.

For these reasons, Defendant Failsafe's Motion for Sanctions should be denied and dismissed and the parties should proceed to mediation with a clean slate.

                          Plaintiff,
                          Brandon Associates, LLC
                          By and through its attorney,

_/s/ Harris K. Weiner_
Harris K. Weiner, Esq. (#551981)
Law Office of Jeffrey B. Pine, Esq. PC
321 South Main St., Ste 302
Providence, RI 02903
401/351-8200 – Telephone
401/351-9032 – Facsimile

## CERTIFICATION

I, the undersigned, hereby certify that on this ___12th___ day of August 2005, I mailed a true copy of the foregoing *s Reply of Counterclaim Defendants Brandon Associates, LLC and Donald B. Flanagan to Defendant's Amended Counterclaim* to Laurie M. Ruskin, Esq., Sweder & Ross, LLP 21 Custom House Street Suite 300, Boston, MA 02110.

_____
Leslie A. Luciano