UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| BRANDON ASSOCIATES, LLC,<br>    *Plaintiff,*<br><br>v.<br><br>FAILSAFE AIR SAFETY SYSTEMS CORP.,<br>    *Defendant/Plaintiff-in-Counterclaim*<br><br>v.<br><br>DONALD B. FLANAGAN, in this individual capacity,<br>    *Defendant-in-Counterclaim* | Civil Action No. 04-12013 NMG |

**REPLY TO OBJECTION OF PLAINTIFF**
**TO DEFENDANT'S MOTION FOR SANCTIONS**

In the objection of the Plaintiff, *Brandon Associates, Inc.* ("Brandon"), to the motion for sanctions filed by the Defendant, *Failsafe Air Safety Systems Corp.* ("Failsafe"), Brandon makes two erroneous assertions which Failsafe seeks now to address. *See* Failsafe's *Motion For Sanctions*, filed August 2, 2005 ("Motion for Sanctions"), and *Objection of Plaintiff Brandon Associates, LLC To Motion For Sanctions*, filed August 15, 2005 ("Opposition").

First, Brandon asserts that Failsafe "engaged in a strategy of obfuscation and procedural gamesmanship designed to overwhelm and intimidate Brandon's inexperienced in-house counsel." Opposition at 1. To the contrary, with the exception of its motion to remove and its counterclaims, Failsafe's filings were all *in response* to actions (or failures to act) taken by Brandon. Brandon admits that its in-house counsel who initially prosecuted this action was "legally inexperienced" (Opposition at 2).

However, whether driven by her inexperience or her own over zealousness – or perhaps by her client – it is clear that Brandon was the proactive party who induced Failsafe to act only to protect its own interests.

Interestingly, Brandon further states that both parties "failed to meaningfully and civilly communicate;" a situation that he notes is no longer an issue because "current opposing counsel are communicating well." Opposition at 3. Brandon seemingly implies that the improvement in civility among the parties' counsel (which Failsafe does not contest) is merely a result of new, more experienced counsel on *both* sides. Yet, such is not the case: Failsafe's counsel has not changed; only Brandon's. Thus, to the contrary, one might conclude that the current civility is directly attributable to Brandon's decision to seek new counsel.

In any event, it should be noted that Failsafe does not seek sanctions against any filing which it initiated (*e.g.*, Failsafe's motion to remove), or any other legal work conducted by Failsafe's counsel which was required by the rules. It only seeks sanctions for filings made in response to Brandon's wrongful acts.

Second, Brandon disingenuously claims that "[t]he timing of the present motion for sanctions is curious." Opposition at 4. Brandon was well aware that Failsafe intended to file such a motion. Over seven months ago, Failsafe expressly stated in the scheduling conference of this matter in December of last year that it intended to file a motion for sanctions (and that it intended to seek leave to amend its counterclaims to add claims against Donald Flanagan in his individual capacity). Failsafe, thereafter, repeated this intention directly to Brandon during their settlement talks in the winter and early spring. Once the settlement talks collapsed in March, Failsafe took immediate action to

2

follow through on the motion to amend.  Accordingly, Brandon was on notice that Failsafe was more than prepared to follow through on its stated intentions.  In fact, after drafting discovery requests and responding to Brandon's various discovery requests (the last being interrogatories that Failsafe answered in July), Failsafe commenced the drafting of its Motion for Sanctions.  In all, the timing was not at all "curious."  It was fully anticipated and came in due course.

    Thus, once again, Failsafe moves this Court to impose sanctions upon Brandon by awarding Failsafe its reasonable attorneys fees and costs in the amount of $16,697.20 and any additional sanctions justice so requires.

> DEFENDANT,
> *Failsafe Air Safety Systems Corp.*
> By its attorneys,
>
> *s/Laurie M. Ruskin*
> _____
> Laurie M. Ruskin, *Of Counsel*, BBO# 630374
> SWEDER & ROSS LLP
> 21 Custom House Street, Suite 300
> Boston, MA 02110
> (617) 646-4466

Dated:  August 22, 2005

CERTIFICATE OF SERVICE

I hereby certify that I caused a true copy of the above document to be served
upon the attorney of record for each of the other parties in this action
by U.S. mail this 22nd day of August, 2005.

*s/Laurie M. Ruskin*
_____
Laurie M. Ruskin

3